# CHARLESTOWN.

## HENRY WUSTLAND *v.* T. W. POTTERFIELD ET AL.

### September 9, 1876.

**1876.**
**August Term.** In an action of trespass against the defendants for unlawfully, and with force and arms, taking and carrying away divers goods and chattels of the plaintiff, and converting the same to the defendants use, the plaintiff having introduced in evidence a deed of bargain and sale from G. W. M., conveying, for a valuable consideration, to plaintiff, the said goods and chattels, and having proved the execution and recordation of said deed, and *possession* under it, and the payment of the consideration set forth in the deed, the defendants, with a view to impeach the *bona fide* character of said deed, offered in evidence certain declarations and admissions of the plaintiff's vendor, made prior to said sale and conveyance, but not in the presence of the plaintiff, to show that the property had been fraudulently placed in his (vendor's) possession by his father to avoid the payment of debts.—HELD:

*First.* That the *gist* of the action in this case was the wrong done to the plaintiff's possession.

*Second.* That the defendants, standing neither on any former possession of their own, nor deriving title under any possession of any other person, and without giving any answer to the fact of plaintiff's prior possession, but resting merely on the objection that the plaintiff's title was fraudulent, and being themselves wrongdoers, have no right to put the plaintiff on proof of title; and

*Third.* The declarations and admissions of the vendor, J. W. M., were not admissible in evidence against the plaintiff's possession.
—HELD :

That there being no exceptions taken, before verdict and judgment, to the instructions given to the jury, the Appellate Court cannot now review the judgment of the court below on that point; and as the facts or evidence are not certified, upon the principles adjudi-

cated in *Telegraph Co. v. Hobson*, 15 Gratt. 122, the Appellate Court cannot review the judgment of the court below, overruling the motion for a new trial.—HELD :

That this case does not present the question decided by this Court in *Bishoff v. Hartley, infra*. If it did, it might be urged that the evidence should have been admitted under the rules laid down in that case.

*Supersedeas* to a judgment of the circuit court of Jefferson county, rendered on the fifteenth of April, 1874, in a suit therein. pending, in which Henry Wustland, defendant in error, was plaintiff, and T. W. Potterfield and others, plaintiffs in error, were defendants.

The facts of the case appear in the opinion of Moore, Judge.

Hon. John Blair Hoge, Judge of said circuit court, presided at the trial below.

No appearance for plaintiffs in error.

*D. B. Lucas* and *George M. Beltzhoover*, for defendant in error.

MOORE, JUDGE :

In an action of trespass, in the circuit court of Jefferson county, instituted by Wustland against the defendants, for unlawfully, and with force and arms, taking and carrying away divers goods and chattels of the plaintiff, and converting the same to the defendants' use, the plaintiff obtained judgment, upon verdict of the jury on the general issue joined, for the sum of $1,136.00 against Potterfield and Chapline, who have obtained a *supersedeas* to the judgment.

It appears from bill of exceptions number one, that the plaintiff, to support the issue upon his part, having exhibited in evidence, a deed of bargain and sale from G. W. Mispelhorn to the plaintiff, showing the conveyance, for valuable consideration, of the said goods and chattels to the plaintiff by said Mispelhorn, and having proved the execution and recordation of said deed, and *possession under it*, and having further introduced evi-

dence tending to show the payment of the consideration set forth in said deed, the defendants, "with a view to impeach the *bona fide* character of said deed of sale, offered in evidence certain declarations and admissions of the vendor, G. W. Mispelhorn, made *prior* to said sale and conveyance, but not in the presence of the plaintiff, to show that the property so conveyed had been fraudulently placed in his possession by a certain F. Mispelhorn, his father, to avoid the payment of his debts, but the court being of opinion, that, in this action, such declarations and admissions of the vendor should not be received in evidence, unless made in the presence of the plaintiff, or under circumstances to affect him with notice of them before his purchase, excluded the evidence from the jury; to which opinion of the court the defendants excepted, and now insist that the court erred in excluding this evidence, and argue, "that where any reliance is placed upon a title to real or personal property in controversy, that the declarations and admissions of the vendor made prior to the sale and conveyance, are admissible evidence against the vendee." They further argue, that the rule, "results from the priority of relation between the vendor and vendee, and the vendee can have no other, or better, title than that of the vendor under whom he claims, and the admissions of the vendor made while he was in possession of the property claiming, and before he had parted with his title, are evidence against all who claim title under him." They farther argue, that "the rule of law in this case, is not controlled by any want of notice in this case."

Mr. Greenleaf, in 2 Evid. sec. 613, says, "Though the right of *property* may, and often does, come in controversy in this action, yet the *gist* of the action is the injury done to the plaintiff's *possession*. The substance of the declaration, therefore, is, that the defendant has forcibly and wrongfully injured the property, in the possession of the plaintiff; and under the general issue, the plaintiff must prove, (1.) that the property was in his

possession at the time of the injury, and this rightfully, as against the defendant; and (2.) that the injury was committed by the defendant with force."

That the *gist* of the action is the *wrong done* to the plaintiff's *possession*, is the established doctrine, authorized by adjudications, and recognized universally by approved textwriters.

Applying the rule to the case before us, the plaintiff appears closely to have followed it. The bill of exceptions shows, that he introduced the deed conveying from G. W. Mispelhorn the property to him, and his possession of the property under it; and as mere possession is sufficient against a wrong-doer, (*Estes v. Cook,* 22 Pick. 295, 3 Rob. New Pr. 414, and cases cited,) without showing any special title, the defendants in this case, upon the authority of 3 Robinson, just cited, standing neither on any former possession of their own, nor deriving title under the possession of any other person, and without giving any answer to the fact of the plaintiff's prior possession, but resting merely on the objection that the plaintiff's title was fraudulent, come with bad grace upon that ground to the Appellate Court, because, "he who commits a trespass upon the possession of another, being himself a wrongdoer, has no right to put the other party on proof of title." The court, therefore, did not err in refusing to admit in evidence the declarations and admissions of the vendor, G. W. Mispelhorn.

There being no exceptions taken to the instructions given to the jury, before verdict and judgment, the Appellate Court cannot now review the judgment of the court below on that point; and as the facts or evidence are not certified upon the principles adjudicated in *Washington and New Orleans Telegraph Co. v. Hobson,* 15 Gratt. 122, the Appellate Court cannot now review the judgment of the court below overruling the motion for a new trial.

This case does not present the question decided by this Court at Wheeling at the July Term, 1876, in the case

56

1874.
August Term.

Wustland
v.
Potterfield.

of *Bishoff v. Hartley.* If it did, it might be urged that the evidence should have been admitted under the rules laid down in that case. The pleadings and evidence in that case presented a wholly different question from that presented in this case, so far as the record discloses.

The judgment should be affirmed with costs and damages.

The other Judges concurred.

JUDGMENT AFFIRMED.