Neilson, Ch. J.
[After stating the facts as above.]—The defendant was seeking to be relieved from the *278 performance of his covenant. The evidence of the arrangement set up, tending to prove a release from his obligation, a substitution of tenants, appears to have been in part oral, in part written, the same as to time, place and purpose, the whole bound up as in a single sheaf; and the non-existence of the written part was, to say the least of it, a vital discovery. It would seem, therefore, that the learned judge might well have been strongly impressed with the equitable character of the application.
On the argument before us, the learned counsel for the defendant claimed that the proposed evidence, if newly discovered, did not, within settled rules of practice, entitle the plaintiff to the order granted. Those rules were intended to promote justice, to give to the suitor, who, in the due course of administration, and by proper means, secures a verdict, a sense of security and repose. But the learned judge, as appears from his opinion, regarded the case presented as exceptional. I think that view was correct in principle, and consistent with several decisions in practice cases.
The specific objections raised and earnestly enforced by counsel, that this testimony, as to the non-existence of the check, is cumulative, and mere impeaching evidence, are conclusively answered in cases less clear and strong than that before us (Oakley v. Sears, 1 Abb. Pr. N. S. 368; S. C., 1 Robt. 73; Powell v. Jones, 42 Barb. 24).
The question whether the plaintiff did receive Hoffman’s check on the 10th of December, or for the rent of that month, was contested on the trial. But proof of Hoffman’s account at the bank, and his checks, showing that no such check as that in question had been in fact made by him, must be regarded as direct and independent evidence.
The humane and saving principle that, in the discretion of the court, a new trial may be granted when a *279 witness has fallen into an error which might have an effect in turning the verdict, as in Coddington v. Hunt, 6 Hill, 595, and cases cited by Bronson, J., applies.
This case is yet more fitly illustrated by that of Wehrkamp v. Willet, 1 Daly, 4. That was an action by a married woman against the sheriff for taking personal property on an execution against her husband. She claimed the property as her separate estate, and on the trial testified that at the time it was purchased she had money in the Bleecker Street Savings Bank, and had checked money out of the bank to pay bills. The plaintiff had a verdict. It was discovered, after the •trial, that at the time in question she had no money in the bank. On proof of that, a new trial was granted, and the order was. affirmed at the general term.
It is to be further observed that the defendant’s answer in the case before us did not put the plaintiff on-inquiry as to the bank account or checks now stated in the moving papers. No want of diligence can therefore be imputed to the plaintiff.
The order granting a new trial should be affirmed, with costs.
Reynolds, J., dissented.
Order affirmed, with costs.