# SUPREME COURT.

## CADY R. HOSSLEY agt. NELSON J. COLERICK.

*Costs, upon a motion for a new trial, upon the grounds of surprise and newly discovered evidence—Code of Civil Procedure, section 3251.*

A motion for a new trial upon the grounds of surprise and newly discovered evidence, is not a motion *on a case* within the meaning of that term, as employed in section 3251 of the Code of Civil Procedure, so as to entitle a party to tax as costs the same sums as upon an appeal.

Although it is the proper practice on such a motion to settle a case, yet the whole office of the case is to enable the court, by an inspection of the same, to ascertain whether the alleged newly discovered evidence, as disclosed by the affidavits, is cumulative. The motion is made upon the affidavits; no recourse being had to the case, except for the purpose indicated, whilst a motion for a new trial *on a case*, by the very terms employed, imports a motion based wholly upon the record of the proceedings on the trial, and for some error in which a new trial is sought.

In case of an appeal from a judgment and order denying a motion for a new trial, the successful party would be entitled to the costs in controversy, viz.: sixty dollars costs of motion, and ten dollars for making amendments to case, but not otherwise.

*Erie Special Term, January,* 1886.

MOTION by defendant for a retaxation of costs by clerk of. Cattaraugus county.

*J. R. & M. B. Jewell,* for motion.

*Thos. Storrs,* opposed.

CHILDS, J. — This action was tried at the Cattaraugus circuit, and resulted in a verdict for the defendant. Subsequently the plaintiff, upon a case and affidavits, moved at special term for a new trial, "on the grounds of surprise and newly discovered evidence." This motion was denied, with ten dollars costs to the defendant.

Hossley agt. Colerick.

The defendant, upon such decision, entered an order denying motion for new trial, but containing no provision in respect to ·costs, and also entered judgment against the plaintiff for $199.77 costs and disbursements, and immediately gave notice for a re-taxation of such costs by and before the clerk of Cattaraugus county.

The plaintiff, by his attorney, appeared before the clerk, and objected to the taxation of the item of sixty dollars costs of motion for new trial at special term on case, and to the item of ten dollars for making amendments to case. Whereupon the clerk disallowed said item, as well as the item of $3.40 witness fees, which last item it is now conceded was properly disallowed.

The defendant now insists that the item for costs of motion, and making amendments to case on the motion for new trial, were improperly disallowed by the clerk. That the defendant was entitled to tax and recover these costs as a matter of right under section 3251 of the Code of Civil Procedure, as and for costs, "upon a motion for a new trial upon a case."

It may be conceded that if the plaintiff's motion for a new trial is to be regarded as a motion for a new trial *on a case*, that the defendant is correct in his contention, and the clerk should be reversed (*Guckenheimer* agt. *Angevine*, 16 *Hun*, 453; *Wilcox* agt. *Daggett*, 15 *Week. Dig.*, 208; ·*Selover* agt. *Culver*, 37 *How.*, 176; *Still* agt. *Rowley*, 37 *id.*, 179).

But I am of the opinion that a motion for a new trial, upon the grounds of surprise and newly discovered evidence, is not a motion *on a case* within the meaning of that term, as employed in section 3251 of the Code.

It is doubtless the proper practice, on such a motion, to settle a case (7 *Wend.*, 331); but the whole office of the case, on such a motion, is to enable the court by an inspection of the same, to ascertain whether the alleged newly discovered evidence, as disclosed by the affidavits, is cumulative. The motion is made upon the affidavits, no recourse being had to the case, except for the purpose indicated, whilst a motion for a new trial *on a*

*case*, by the very terms employed, imports a motion based wholly upon the record of the proceedings on the trial, and for some error, in which a new trial is sought.

Again, if the claim of the defendant should be sustained, it would follow that a party succeeding upon a motion for a new trial, on the ground of newly discovered evidence, would be entitled to tax against his adversary the costs of such motion sixty dollars, and for making case twenty dollars. This, I do not understand, to be allowable. The granting of such a motion is regarded as a favor to the party, and the rule is, to require such party to pay the costs of the former trial as a condition (*Comstock* agt. *Dye*, 13 *Hun*, 113; *Simmons* agt. *Fay*, 1 *E. D. Smith*, 107; *Bonynge* agt. *Waterbury*, 12 *Hun*, 534–537; *May* agt. *Strauss*, 8 *Abb. N. C.*, 274).

The conclusion I have reached, seems to be in accordance with the practice adopted by the court in disposing of motions of this character, as a reference to the following cases, among others, will show that the universal rule has been to deny, with ten dollars motion, costs (8 *Abb.*, 313; 7 *Robt.* [*Supr. Ct.*], 14; 66 *How.*, 8; 14 *Abb. N. C.*, 465).

It clearly appears from the opinion of the court at special term, upon which this motion was denied, that the only question there considered was the propriety of granting a new trial upon the grounds of newly discovered evidence, and the motion, therefore presents only the question here discussed.

My attention has been called to the case of *Warner* agt. *The Western Transportation Co.* (5 *Robt.* [*Supr. Ct.*], 490), which holds in accordance with the views of the defendant.

The question does not seem to have received much consideration in that case, and, as it does not seem to have been followed in that court (7 *Robt.*, 14), I am constrained to follow the greater current of authority, which is not in accord with that case.

The defendant insists that the conclusion here reached is erroneous, for the reason that it deprives him of ten dollars costs allowed by section 3251, for making and serving amendments to case. I am of the opinion that, for the purpose of a

motion for a new trial for newly discovered evidence, the service performed and serving amendments is to be treated as part of the preparation for opposing the motion, for, as we have seen, if the defendant is entitled to tax this item against the plaintiff, on the denial of the motion the same construction would permit the plaintiff, had he succeeded in his motion, to tax twenty dollars costs against the defendant for making and serving a case.

For the reasons already stated, this cannot be done. In case of an appeal from the judgment and order denying motion for a new trial, the successful party would be entitled to tax the costs in controversy here, but not otherwise.

It follows, that the decision of the clerk should be affirmed. But as the question presented does not seem to have been expressly decided in this court, without costs of this motion.

Motion denied without costs.