### WHITNEY *v.* SAXE.

(*City Court of New York, General Term.* November 23, 1888.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—SUFFICIENCY.

    A new trial will not be granted for alleged newly-discovered evidence, consisting of transcripts from the books, and the testimony of the book-keeper, of the firm of which the applicant was a member, and from which he derives title; such evidence having been producible at the trial, and being cumulative and impeaching, and notice of its materiality having been conveyed by the answer.

Appeal from special term; McADAM, Chief Justice.

Action by Abijah Whitney against Eva Saxe for the possession of a piano. The trial herein was had before Justice HYATT and a jury, on the 12th day of May, 1887, and resulted in a verdict for the defendant, the action being in replevin. An appeal was taken therein to the general term of this court, and the judgment rendered upon the trial was affirmed, with costs. A motion was made before Chief Justice McADAM for a new trial, on the ground of newly-discovered evidence; and an order was made by the chief justice, on May 15, 1888, denying said motion, without costs. An appeal was taken from said order.

Argued before EHRLICH, McGOWN, and PITSHKE, JJ.

*J. Homer Hildreth,* for appellant. *Elias G. Levy,* for respondent.

McGOWN, J. On the trial herein, before Justice HYATT, the plaintiff claimed ownership of a piano, and that the defendant obtained possession thereof under a contract of hiring dated November 17, 1883, and that there had been a breach of contract, working a forfeiture thereof. The defendant claimed in her answer that the piano in question had been sold and delivered to her, by plaintiff's assignors, for the sum of $325, the alleged purchase price of the same; that defendant had paid on account of said purchase price the sum of $235. But, after the sale and delivery of said piano, she was induced to sign a certain paper, the contents of which she did not know, and which was not read or explained to her; but that she was told that the same was merely a receipt that she had received the piano from plaintiff's assignors two months before she signed the paper. Upon the trial thereof one William H. Kennedy was called as a witness for the plaintiff, who testified that the paper referred to was signed in his presence by the defendant in November, 1883, and that he subscribed his name as a witness thereto. It appeared from the paper referred to, introduced upon the trial, that the pa-

per alleged to have been signed by the defendant was a contract for the hiring of the piano only. The defendant testified that she had purchased the piano for a stipulated price, and that she had signed the paper upon the representation made by plaintiff's agent that the same was merely a receipt for the piano; that the piano had been delivered to her, and that she had had possession of the same about two months before she signed the paper. Her testimony on this point was corroborated by that of her daughter, Hortense Saxe, and the whole evidence as to the time of the execution of plaintiff's exhibit No. 1 was passed upon by the jury. The newly-discovered evidence claimed by plaintiff is in part documentary, the remainder being certain evidence which it is claimed a witness, Frank V. Whitney, would testify to. The rules governing the application for new trials upon newly-discovered evidence, generally stated, are that the new evidence has come to the knowledge of the applicant since the trial; that it was not owing to the want of due diligence that it was not sooner discovered; that it is not cumulative; and that it is of such a nature, and so positive and convincing, that it would probably produce a different verdict, if a new trial were granted, (*Schultz* v. *Railroad Co.*, 47 N. Y. Super. Ct. 285; *Brown* v. *Gaddis*, 12 Wkly. Dig. 212;) and that a motion for a new trial will not be granted when the new evidence is cumulative, or tends merely to contradict or impeach witnesses sworn on a previous trial, (*Starin* v. *Kelly*, 47 N. Y. Super. Ct. 288.) The alleged newly-discovered documentary evidence is transcripts from the books of plaintiff's assignors, Abijah Whitney and W. E. Whitney, in their possession at the time of the original trial, and could have been produced upon such trial. The proposed new witness, Frank V. Whitney, was in the employ of plaintiff's said assignors as a book-keeper, and had charge of the books of plaintiff's assignors in November and December, 1883, and also at the date of the previous trial; and the facts within his knowledge as such book-keeper may properly be deemed within the knowledge of his employers. *Weston* v. *Railroad Co.*, 42 N. Y. Super. Ct. 157. The plaintiff was fully informed by defendant's answer that evidence would be offered to show, or tending to show, that the paper was not signed until after the delivery of the piano. The proposed new documentary evidence was all in the possession of plaintiff and his assignors at the date of the trial, was accessible to plaintiff, and could have been produced by him; and the witness Frank V. Whitney could also have been produced on the trial. The proposed newly-discovered evidence is merely cumulative, and the admission would have a tendency to contradict the testimony of the defendant, and of her daughter, Hortense Saxe, and to impeach them. It was the duty of the plaintiff to produce, upon the original trial, all his testimony. He cannot claim a surprise, as he was fully informed of the nature of defendant's defense by her answer. *May* v. *Strauss*, 8 Abb. N. C. 274. The court cannot recognize the right of litigants to try the issues raised by the pleadings in sections. Such a course would unnecessarily encourage litigation, and entail upon the court a constant retrial of cases. Where a plaintiff has been surprised by the introduction of evidence which he could not anticipate, and which he could not meet by testimony at the time of the trial, not within his knowledge or which he could not possibly have knowledge of, and which he could not at the time of the trial have obtained, then in such case a new trial would be proper. The alleged newly-discovered documentary evidence was contained in the books of plaintiff's assignors, and plaintiff was a member of their firm, and, if overlooked by him at the time of trial, is not newly-discovered evidence. *Burkitt* v. *Taylor*, 13 Wkly. Dig. 75. If upon the trial the plaintiff was surprised by the testimony given by the defendant and her daughter, his remedy was by motion then made to postpone, which, if it had been considered well founded, the trial justice would have granted by directing the withdrawal of a juror; in which case the cause would have gone off without impairing the rights of either party. *People* v. *Common Pleas*, 8 Cow. 130.

No such application was made. See, also, *Hernstein* v. *Fleming*, 1 Wkly. Dig. 401, and cases cited. The order appealed from must be affirmed, with costs.