### BEHRENS et al. v. BLOOM et al.

(*City Court of New York, Special Term.* January, 1889.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

A new trial will not be granted to plaintiffs for surprise and newly-discovered evidence where the defense was plainly pleaded, and the new witness is a step-son of one of plaintiffs, and resides with him, and the new documentary evidence is a bill of sale, which was on record at the time of trial.

Action by Albert Behrens and others against Simon H. Bloom and others. Verdict and judgment were for defendants, and plaintiffs move for a new trial on the ground of surprise and newly-discovered evidence.

*J. C. Rosenheim,* for the motion. *David Leventritt,* opposed.

McADAM, C. J. There is no accommodating rule of practice that permits a plaintiff to proceed to trial but half prepared to meet a defense intelligently pleaded, and, if victorious, retain the verdict in his favor, but, if defeated, make his want of preparation ground for a new trial simply because the defeat was unexpected, and therefore a "surprise," which other existing evidence, that full preparation and diligence would have brought forward, might have prevented. The subsequent disclosure of such evidence often brings with it proof that the party not producing it was guilty of neglect,—a circumstance that deprives the discovery of all merit. Finding, after a trial, that which could have been as readily found before, does not make the evidence "newly-discovered," within the rule authorizing a new trial; for it must affirmatively appear, before the applicant is entitled to any relief, that it was not owing to the want of diligence that the evidence was not produced at the trial. The trial of an issue of fact is not an experiment, to be repeated if unsuccessful, but a serious ordeal requiring preparation and care, involving time, trouble, and expense, not only to the parties litigant, but to the county; and every effort should be exerted to bring forward the necessary proofs, oral and documentary, to make it, as the law intended it should be, the final determination of the issues involved, leaving to the appellate tribunal its appropriate duty of determining whether any and what errors were committed that may have influenced the verdict, or prejudiced the defeated party. Kurzman, the new witness, is the step-son of the senior plaintiff, and resides with him, and the new documentary proof is a bill of sale which was on file in the register's office at the time of the trial. Both could have been produced by the exercise of ordinary diligence, which, in the sense here employed, means the use of "forethought," and not "afterthought." If every defeated litigant is to have a new trial simply because he has since discovered some witness or document whereby he could have made the weak points in his case stronger, or (to use a common phrase) because his aftersight was better than his foresight, but few verdicts would be allowed to stand. The new evidence is not of that controlling character which carries with it the belief that its presentation at the trial would necessarily change the result, and there is no just reason why the plaintiffs should be again allowed to experiment with a new jury no the mere chance that they may come to a conclusion different from the first. For these reasons the motion for a new trial upon the ground of surprise and of newly-discovered evidence must be denied. See *Whitney* v. *Saxe,* 2 N. Y. Supp. 653, and cases cited.