## BAKER *v.* MOOR.

1. The verdict was not contrary to the evidence.
2. Refusal to grant a new trial on the ground of newly discovered evidence merely tending to impeach witnesses who had testified in the case, or merely cumulative, was not error.
3. Refusal to grant a new trial on the ground that a juror was not fair and impartial, having said that he did not know why defendant had taken him for he did not like him anyhow, was not error, where the imputed statement was denied by the juror and the person to whom he was charged to have made it, and it was shown by the affidavits of the other eleven jurors who tried the case that the juror in question was upright, fair and impartial.
4. A ground for new trial that it was error to hold defendant liable for interest on the sum found in the verdict at the rate of twenty per cent. per annum, and that the judgment entered thereon being for a higher rate than seven per cent. was illegal, cannot be considered by this court. Errors in the judgment should be assigned in the bill of exceptions.

January 8, 1890.

Attorney and client. Evidence. Verdict. New trial. Jurors. Interest. Practice. Before Judge MIL-. NER. Bartow superior court. January adjourned term, 1889.

Reported in the decision.

McCUTCHEN & SHUMATE, J. B. CONYERS and BAKER & HEYWARD, for plaintiff in error.

A. W. FITE and AKIN & HARRIS, *contra.*

BLANDFORD, Justice.

1. This was a rule brought by Mrs. Moor, the defendant in error, against Baker, the plaintiff in error, to compel the payment of certain money which it was alleged he had collected for her as an attorney at law. Baker, in his answer to the rule, set up and claimed that the money collected and in his hands was his by virtue of a contract he had made with the defendant in error, which contract he alleged was that he was to have half of all he collected of a certain claim in behalf of the defendant in error against the estate of one Lindsay Johnson. He alleged that when he undertook the collection of the claim, it was upon a conditional fee, no amount being agreed upon for his services as an attorney; that afterwards, upon his assuring the defendant in error that a certain compromise which had been agreed upon and entered into between a former attorney of the defendant in error and the representative of Johnson's estate, by which it was agreed to take less than the sum due upon the judgment and execution, was void, it was agreed on the part of the defendant in error that if said agreement of compromise or settlement should be set aside or ignored, he was to have half of what he should collect on said claim. This was denied by the defendant in error, and there was some testimony introduced on this question, but the evidence tends to the conclusion that Baker, the attorney, did not succeed in having the compromise and settlement set aside or ignored, but that the claim was settled upon the basis of the compromise and settlement previously made. It appears that the jury allowed Baker twenty per cent. for his services. This exceeded the amount stated in any of the testimony to be the value of his services. So we think, looking to the testimony upon this issue between the parties, that the verdict of the jury was not so strongly and decidedly against the weight of evidence as to lead

us to the conclusion that the court abused its discretion in refusing a new trial on the ground that the verdict was contrary to law and the evidence.

2. It was further alleged that the court committed error in refusing to grant a new trial on the ground of newly discovered evidence. This newly discovered evidence merely tended to impeach witnesses who had testified in the case, or was cumulative of what had been sworn to upon the trial. So there was no error in refusing to grant a new trial on this ground.

3. Another ground is that one of the jurors, J. E. Barron, was not a fair and impartial juror, having said to another juror that he did not know why Baker had taken him, for he did not like him anyhow. The affidavits of Barron and Smith tended to deny this; and it was further shown by the affidavits of eleven of the jurors that Barron was an upright, fair and impartial juror. So we cannot say that the court erred in refusing to grant a new trial on this ground.

4. Another ground of error alleged is, that the court erred in holding that Baker was liable for interest on the sum found in the verdict at the rate of 20 per cent. per annum, and that the judgment entered on said verdict, being for a higher rate than seven per cent., was illegal. No exception to the judgment of the court in this respect was taken in the bill of exceptions, and what may be said about it in the motion for a new trial cannot be considered by this court, as the bill of exceptions is the proper place to assail the judgment. Upon the whole case the judgment of the court below is

*Affirmed.*