# WHEELING.

CARDER *v.* BANK OF WEST VIRGINIA.

Submitted June 7, 1890—Decided June 21, 1890.

1. NEW TRIAL—INSTRUCTIONS—OBJECTION.
    When an instruction is given to the jury to which no objection is made before verdict, the giving of the instruction can not be ground to set aside the verdict.

2. NEW TRIAL—AFTER-DISCOVERED EVIDENCE.
    A new trial will not be granted on the ground of after-discovered evidence, when it does not appear that such evidence could not have been discovered by due diligence before verdict, nor when it is merely cumulative, or tends to contradict or discredit a witness on the former trial, and is not decisive in its character.

*E. Maxwell* for plaintiff in error.

*J. J. Davis* for defendant in error, cited:
4 Min. Inst. 758–760; 5 Call 278; 6 Gratt. 287; 8 Gratt. 637; 22 Gratt. 946; 7 Leigh 608; 20 Gratt. 296; 6 W. Va. 128; 5 Leigh 598; 11 W. Va. 665; 2 Rob. Pr. (old) 213; Hill. New Trials 452.

SNYDER, PRESIDENT:

Action of trespass in trover, brought in the Circuit Court of Harrison county by Abigail A. Carder against the Bank of West Virginia at Clarksburg, to recover the value of two non-negotiable notes. There was a trial by jury on the issue of not guilty and a verdict for the plaintiff of seven hundred and thirty dollars, on which the court, after overruling the defendant's motion to set aside the verdict and grant it a new trial, entered judgment. The defendant has brought this writ of error and assigns as error for the reversal of said judgment the following grounds: *First*, the court misdirected the jury by an instruction; and *second*, surprise on the trial and after-discovered evidence.

The evidence, so far as it is necessary to state it for the purposes of this writ of error, is as follows: The plaintiff was the owner of two notes, dated July 15, 1880, executed to her husband by J. M. Burnsides, and assigned to plaintiff by her husband—the one for two hundred and thirty dollars, and the other for five hundred dollars. The plaintiff placed said notes in the hands of William Smith, and afterwards sent one R. E. Massy to said Smith to get said notes. Smith delivered the notes to Massy and took a receipt therefor from him, which has been lost, and which, Smith testified, stated on its face that Massy was to return the notes to plaintiff, while the defendant offered testimony tending to prove that the receipt stated that Massy was to return either the notes or the money for them. Massy took the notes to the defendant, and sold them to it for six hundred and thirty dollars, and kept the money. When the notes were sold to the defendant, they had upon them what purported to be a written assignment from the plaintiff to Massy, witnessed by W. L. Smith. The plaintiff testified that she never assigned said notes to Massy, and never authorized him to sell or dispose of them, but simply told him to take them to the bank, and see what it would give for them, and then return them to her. Smith testified that he never witnessed said assignment; that his name was William Smith, not W. L. Smith; and that there was no assignment from plaintiff to Massy on the

notes when he delivered them to Massy. Two witnesses for the defendant, A. Queen and John C. Vance the cashier of the defendant bank, testified that Smith had told them the plaintiff had assigned the notes to Massy, and that he had witnessed the assignment. This was denied by Smith.

After the evidence was closed, the court instructed the jury as follows: "If the jury find from the evidence that the plaintiff delivered, or caused to be delivered, to R. E. Massy the notes sued on, with authority to dispose of the same, said notes or the money for them to be returned to the plaintiff, and further find that said Massy sold and delivered the said notes to the defendant, then the jury must find for the defendant; and that such authority might be either express or implied." The record does not show that this instruction was requested by either the plaintiff or the defendant, but it does appear that no objection was made to it until after the verdict. When the defendant moved the court to set aside the verdict, it then assigned as one of the grounds for its motion that the court misdirected the jury as to the law of the case.

It is settled by the decisions of this Court that when an instruction is given to the jury without any objection or notice of exception at the time, or before the verdict is returned, the giving of the instruction can not be a ground for setting aside the verdict and awarding a new trial. *Wustland* v. *Potterfield*, 9 W. Va. 438; *Core* v. *Marple*, 24 W. Va. 354; *Danks* v. *Rodeheaver*, 26 W. Va. 274. The objection of the defendant to the instruction was, therefore, too late to avail it; but, if objection had been made before verdict, it seems to me plain that the instruction was unobjectionable. Certainly there was nothing in it that could be prejudicial to the defendant.

After the verdict had been returned, John C. Vance made and filed his affidavit, in which he stated that he was the cashier of the defendant, and that he was mainly relied on by the bank to defend this action; that upon the trial it was material to prove the signature of W. L. Smith as a witness to the assignment of the notes sued on; that, relying upon the statement of said Smith to affiant that he

(Smith) did witness said assignment, he did not deem it necessary to prove said Smith's signature by other persons, but that upon the trial said Smith by denying his signature took affiant by surprise, and he was then unable during the trial to obtain evidence of the genuineness of said Smith's signature; that since the trial he has seen the name "W. L. Smith," written by said Smith, signed to a paper, and in the opinion of affiant the person who wrote said name is the same Smith who wrote the name "W. L. Smith" as a witness to the assignment on the notes in controversy; and further, that since the verdict affiant has ascertained the whereabouts of one ———— Campbell, who was present with R. E. Massy at the bank when Massy sold said notes to the bank; that said Campbell resides near Lexington, Va., and was present at the house of plaintiff when said notes were assigned by the plaintiff to Massy; and that he will testify that W. L. Smith did witness said assignment and affiant believes said Campbell will obey a summons to attend this court as a witness.

Courts are reluctant to grant new trials on the ground of new or after-discovered evidence, and the rule is well settled in this State that a new trial will not be granted on that ground, unless the case comes clearly within the following rules: *First,* the evidence must appear to have been discovered since the former trial; *second,* it must appear that the evidence is such that due diligence would not have secured it before verdict; *third,* the evidence must be material in its object and not merely cumulative and corroborative, nor collateral; *fourth,* the evidence must be such as ought to produce an opposite result on another trial; and, *fifth,* when the sole object of the new evidence is to discredit or impeach a witness on the opposite side, the general rule is, subject to rare exceptions, to refuse a new trial. These rules are fully established in the following cases: *Thompson's Case,* 8 Grat. 637; *Read's Case,* 22 Grat. 946; *Brown* v. *Speyers,* 20 Grat. 296; *Callaghan* v. *Kippers,* 7 Leigh, 608; *Cody* v. *Conly,* 27 Grat. 313; *Gillilan* v. *Ludington,* 6 W. Va. 128; *Sayre* v. *King,* 17 W. Va. 562 *Hall* v. *Lyons,* 29 W. Va. 410 (1 S. E. Rep. 582); and 4 Minor, Inst. pt. 1 p. 758.

In *Brugh* v. *Shanks*, 5 Leigh, 598, the party moving for a new trial made affidavit "that a witness had sworn falsely, and, had affiant known that he was to be examined, and what he was to prove, he could have disproved the facts testified to by him." But the court refused the new trial, upon the ground that a new trial will not be granted to impeach or contradict a witness.

According to these rules and principles it is very clear that the court in the case before us did not err in refusing the new trial. It does not appear that any diligence had been used to procure the attendance of Campbell, and the affidavit was made simply on information and not on actual knowledge of what Campbell would swear on the new trial. So far as the witness Smith is concerned, the new evidence would simply tend to contradict and impeach his testimony. This had been done by two witnesses, Queen and Vance, on the former trial. The judgment of the circuit court must therefore be affirmed.

AFFIRMED.