Conaway, J.
Defendant in error brought its action in the district court for the possession of a part of section 35 in township 16 N., of range 73 W. of the sixth P. M., claiming by virtue of a patent issued to its grantors, of date January 5, 1876. Plaintiff in error claimed the premises in ■controversy by virtue of possession and improvement thereof by her husband and other parties, to whose rights she claims to have succeeded, constituting a claim of some kind under the land laws of the United ¡states. This is claimed to be either a homestead claim, or pre-emption claim, or a bona fide improvement claim, which, it is claimed, attached prior to the definite location of the line of the Union Pacific Railway, and the withdrawal of the land from pre-emption, private entry, and sale, ■under the land-grant acts of 1862 and 1864 to the Union Pacific Railroad Company, the predecessor of the defendant in error. Defendant in error proved title under the patent issued under these land grants, and subsequent transfers to it. It was then incumbent on plaintiff in error to show at least that the claim under which she holds possession had attached prior to the withdrawal of the land. This she failed to do. A large number of assignments of error are set up, in the rejection of evidence offered by plaintiff in error, and in the admission of evidence of defendant in error over the objection of plaintiff in error. The rejected evidence does not go to the point of showing that any valid claim had attached to the land prior to its withdrawal. In fact, there was no evidence offered to show when the definite location of the line of the Union Pacific Railroad was made, and when the withdrawal of the land took place. Under these circumstances, if any error occurred in the admission or rejection of testimony on other questions arising in the case, it could not have been prejudicial error.
Error is assigned to the overruling of the motion for a new trial on the ground of newly-discovered testimony. The testimony is not shown to be newly discovered. It is merely cumulative, and does not go to the material point already specified. It is not claimed that it would show the date of the withdrawal of the lands. Nothing short of such a showing could authorize the reversal of the judgment. This record shows no prejudicial error. The judgment is affirmed.
(Iroesbeck, C. J., and Merrell, J., concur.
^ On the application the party moving must show —Eirst, that the proposed evidence has been discovered since the trial, and that due diligence was exercised to discover it prior to that time; second, that the evidence is competent and material. Town of Manson v. Ware, (Iowa,) 19 N. W. Rep. 275; Carson v. Henderson, '(Kan.) 8 Pac. Rep. 727; Brickley v. Walker, (Wis.) 32 N. W. Rep. 773; Eenno v. Chapin, (Minn.) 8 N. W. Rep. 762. The affidavit must set forth the facts relied upon as constituting due diligence on the part of the applicant. Goracbi v,. Hintz, (Neb.) 14 N. W. Rep. 379; Smith v. Wagaman, (Iowa,) 11 N. W. Rep. 713; Pinschowers v. Hanks, (Ne< ) IPac. Rep. 454; Wilkes v. Wolback, (Kan.) 2Pac. Rep. 508; Ross v. Sedgwick, (Cal.) 10 Pac. Rep. 400; Patterson v. Collier, (Ga.) 3 S. E. Rep. 119; Moores v. Wills, (Tex. Sup.) 5 S. W. Rep. 675; Allen v. Bond, (Ind.) 14 N. E. Rep. 492; Poul-lain v. Poullain, (Ga.) 4 S. E. Rep. 81; Boot v. .Brewster, (Iowa,) 36 N. W. Rep. 469; Railway Co. v. Wood, (Tex.) 7 S. W. Rep. 372; Pember-ton v. Johnson, (Ind. Sup.) 15 S'. E. Rep. 801; Lee v. Bermingham, (Kan.) 18 Pac. Rep. 229; Mercer v. Mercer, (Ind. Sup.) 17 N. E. Rep. 182.
Where the affidavit in support of the application is met by counter affidavits, and there is no probability upon the record that the result would be affected, a new trial will be refused. Peterson v. Paust, (Minn.) 14 N. W. Rep. 64.
See, also, Chandler v. Thompson, 30 Eed. Rep. 38; Donnelly v. Burkett, (Iowa,) 34 S. W. Rep. 330; Pennsylvania Co. v. Nations, (Ind. Sup.) 12 N. E. Rep. 309; Blackburn v. Crowder, (Ind. Sup.) ION. E. Rep. 933; Cirke) v. Ellis, (Minn.) 31 N. W. Rep. 513; Campbell v. Holland, (Neb.) 35 W. W. Rep. 871; Brooks v. Dutcher, (Neb.) 36 N. W. Rep. 128; O’Neil v. O’Neil, (Ill. Sup.) 14 N. E. Rep. 844; Tate.v. Tate, (Va.) 7 S. E. Rep. 352; Petefish v. Watkins, (Ill. Sup.) 16 N. E. Rep. 248; McCormick v. Railroad Co., (Cal.) 17 Pac. Rep. 542; Brinson v. Eaircioth, (Ga.) 7 S. E. Rep. 923; Mercer v. Mercer’s Adm’r, (Ky.) 7 S. W. Rep. 807; Whitney v. Saxe, (City Ct. N. Y.) 2 N. Y. Supp. 653; Railway Co. v. Wood, (Tex. Sup.) 7 S. W. Rep. 372; City of Sterling v. Merrill, (Ill. Sup.) 17 N. E. Rep. 6; City of Olathe v. Horner, (Kan.) 16 Pac. Rep. 468; Brown v. Railway Co., (Ark.) 22 S. W. Rep. 203; Ver-dery v. Railway Co., (Ga.) 9 S. E. Rep. 1133; Mercantile Bank v. Hawe, 33 Mo. App. 224; Audis v. Richie, (Ind. Sup.) 21 N. E. Rep. 1111; Smith v. Grover, (Wis.) 42 N. W. Rep. 112; Goldsworthy v. Town of Linden, (Wis.) 43 N. W. Rep. 656; Kaul v. Brown, (R. I.) 20 Atl. Rep. 10; State v. Oeder, (Iowa,) 45 N. W. Rep. 543; Railroad Co. v. Boon, (Tex. Sup.) 1 S. W. Rep. 632; Baker v. Moor, (Ga.) 10 S. E. Rep. 737; Jones v. Railroad Co., (Minn.) 43 N. W. Rep. 1Í14; Hawkins v. Kei-mode, (Ga.) 11 S. E. Rep. 560; Oil Co. v. Thompson, (Tex. Sup.) 13 S. W. Rep. 60; Erskine v. Duffy, 76 Ga. 602; Bigelow, v. Sickles, (Wis.) 44 N. W. Rep. 761; Carder v. Bank of West Virginia, (W. Va.) 11 S. E. Rep. 716; Railway Co. v. Clough, 33 111. App. 129, affirmed in 25 N. E. Rep. 664; Williamson r. To-bey, (Cal.) 25Pac. Rep. 65; Douglass v. Anthony» (Kan.) Id. 853; Weiting v. Town of Millston, (Wis.) 46 N. W. Rep. 879; Houston v. Kidweil, (Ky.) 14 S. W. Rep. 377; Blair v. Madison Co.,. (Iowa,) 46 N. W. Rep. 1093; Vanderburg' v.. Campbell, (Miss.) 8 South. Rep. 206; Thrasher v. Postel, (Wis.) 48 N. W. Rep. 600.