# CHARLESTON

## FRYMIER v. LORAMA RAILROAD CO.

### Submitted March 23, 1915.  Decided March 30, 1915.

1. TRIAL—*Demurrer to Evidence.*

    Under rules applicable to new trials, the court may on motion of the party injuriously affected set aside a demurrer to evidence joined in by the demurree, and award him a new trial.  (p. 98).

2. NEW TRIAL—*Grounds—Surprise—Evidence.*

    But good ground for such action, after verdict, is not shown by affidavit showing surprise at the evidence of the adversary party on the issues joined, and affidavits of other witnesses whose evidence by proper diligence might have been obtained, and whose evidence is substantially cumulative of other testimony introduced on the trial.  A party so surprised if he would protect his interests must at once move for a continuance, suffer a nonsuit, or take some other steps to protect his interests, and not take the chances of an adverse verdict and thereafter resort to a motion for a new trial as a means of correcting his mistake.  (p. 100).

3. APPEAL AND ERROR—*Disposition of Cause—Erroneous Ruling on Demurrer.*

    Where on demurrer to evidence and voluntary joinder therein by the demurree the trial court, on motion of the demurree, erroneously permits withdrawal of the joinder, and on grounds of surprise, and newly discovered evidence, erroneously sets aside the demurrer to the evidence and awards the demurree a new trial on all issues, this court on reversal of the judgment will remand the case to the circuit court for judgment on the demurrer to the evidence, and for further proceedings to be had therein.  (p. 102).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Ritchie County.

Action by R. E. L. Frymier against the Lorama Railroad Company.  Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*S. A. Powell* and *Thos. P. Jacobs,* for plaintiff in error.

*Adams & Cooper,* and *R. S. Blair,* for defendant in error.

MILLER, JUDGE:

In an action on the case for negligently setting out the fire which destroyed plaintiff's oil well derrick, tank house, oil tank, and oil therein, and other oil well equipments, the defendant below, demurrant to the evidence, assigns and relies on the following as errors calling for reversal of the judgment: (1) Permitting the plaintiff to withdraw his joinder in said demurrer; (2) reading the affidavits of John Denning and B. W. Peebles in support of plaintiff's motion to withdraw said joinder and to set aside the demurrer; (3) failure to take the case on said demurrer and render judgment thereon; (4) giving to the jury plaintiff's three several instructions, and (5) setting aside the whole of the proceedings on said demurrer and awarding plaintiff a new trial.

On the demurrer to the evidence and the instructions complained of, the jury rendered a conditional verdict for the plaintiff, if the law on the demurrer should be for him, and $1.400.00 damages, and for the defendant if the law thereon should be for it. Upon the return of said verdict demurrant entered a motion to set the same aside, (a) because contrary to the law and evidence; (b) because of erroneous instructions given, and (c) because the amount of the verdict was excessive. And on the argument of the demurrer to the evidence and defendant's motion to set aside the verdict, at a subsequent term, plaintiff joined in said motion to set aside the verdict, and entered his motion to withdraw his joinder, supported by the affidavits aforesaid, which the court permitted him to file, and thereupon set aside the demurrer and awarded a new trial on all issues.

It is argued on behalf of defendant company that, as plaintiff joined in its motion to set aside the verdict, and as neither party complained of the ruling of the court thereon, it was the duty of the court below to have empanelled a jury to reassess the damages, and to have entered such judgment on the demurrer to the evidence as would have been proper. But notwithstanding this proposition of counsel, we are asked to reverse the judgment below permitting withdrawal of plaintiff's joinder, and to pronounce judgment upon the demurrer in its favor and that the plaintiff take nothing by his

action. Our opinion is that unless both parties are bound by the court's action on their motion for a new trial neither should be bound thereby. True the purpose of defendant's motion for a new trial was not intended to disturb its demurrer to the evidence; but to obtain a new trial on the question of damages, and on the ground that the amount of the verdict was excessive. On the other hand the evident purpose of plaintiff in joining in defendant's motion for a new trial was in aid of his motion to withdraw his joinder in the demurrer, and to set aside the demurrer and for a new trial on all the issues, based on surprise and the newly discovered evidence of the witnesses Denning and Peebles.

As we understand it the proposition of defendant's counsel now is that we should reverse the judgment below, disregard the verdict of the jury, and pronounce judgment in its favor on the demurrer to the evidence, because, as they view the evidence, the alleged negligence of the defendant has not been proven.

As we view the evidence the motion of the demurrant to set aside the verdict as excessive was not well founded. The verdict as to the amount of damages finds full support in the evidence, and no evidence has been pointed out in the briefs or arguments of counsel supporting the contrary view. Nor do we find error in plaintiff's instructions justifying the court in setting aside the verdict. The trial court might have ignored the verdict of the jury, for the time being, and pronounced judgment on the demurrer to the evidence, and, if in favor of the demurrant, judgment of nil capiat could have been entered; but, if for the demurree, another jury could have been empanelled to assess the damages, if found excessive.

Wherefore, we are of opinion that the controlling questions presented here are, first, did plaintiff present a proper case for withdrawal of his joinder to the demurrer, and for a new trial based on newly discovered evidence, and if not, second, was negligence of the defendant shown entitling plaintiff, on the demurrer to the evidence, to judgment thereon, and for the amount of the damages assessed by the jury?

On the first question it is well settled by our decisions, that on such proper showing as would entitle a party to a new

trial, if the verdict of the jury was against him, the trial court has jurisdiction to set aside the demurrer to the evidence and award him a new trial, and that the rule applicable to new trials is properly applied in such cases, and that the rule of new trials is applicable also where the case has not been properly developed and the court can see that other evidence in fact exists, and that through some misconception of the law applicable to the case, or through some surprise, accident, or oversight, justice demands a new trial, and that the party injured be permitted to fully present his case. *Peabody Ins. Co.* v. *Wilson,* 29 W. Va. 528; *Cook* v. *Raleigh Lumber Co.,* 74 W. Va. 503, 82 S. E. 327; *La Belle Iron Works* v. *Quarter Savings Bank,* 74 W. Va. 569, 82 S. E. 614, 620; *Fairfax's Admr.* v. *Lewis,* 11 Leigh Anno. 233.

As already noted, plaintiff's only ground for withdrawing his joinder, and for a new trial, was surprise and the newly discovered evidence of Denning and Peebles. The surprise was occasioned by the evidence of defendant's witness Charley Taylor, to the effect that on the morning of the day plaintiff's property was destroyed he noticed some smoke back and south of plaintiff's well, next to a clearing on Denning's farm, and next to Denning's house. He was one of defendant's trainmen, and swore that he observed this smoke while running from Pennsboro to Harrisville, and as he crossed the railroad bridge over Hughes River and while rounding the hill between the river and the long trestle in the vicinity of the well. His evidence on cross-examination also tended to show there was a clearing on the Denning farm, a pine brush thicket which had been or was being cleared out, but he could not testify positively that clearing was being done there on the day of the fire, or that the smoke he saw actually came from that clearing. But he described the smoke as apparently coming from that direction. He testified also that there was a road running up from under the long trestle and on the Davis farm, and between the well and the Denning land. He had never been up there and did not know how far the well was from the clearing referred to. This evidence was the only evidence tending to account for the origin of the fire, otherwise than from the locomotive of the defendant

operated in the vicinity of and near to the well, and the setting out of fire by them in the vicinity of the well on that day.

The rule of our decisions based on surprise and newly discovered evidence is, that the new evidence must have been discovered since the former trial; that by reasonable diligence such evidence could not have been secured before the trial; that the evidence is material and not merely cumulative, corroborative or collateral, and such as ought on another trial to produce an opposite result on the merits. *Carder* v. *Bank,* 34 W. Va. 38, 41, and cases cited.

Has plaintiff brought himself within these rules is the question presented. We are of opinion that he has not done so. We think plaintiff must reasonably have anticipated that defendant would endeavor to show if possible that the fire destroying his property originated from sources other than the negligent operation of its locomotives. We must assume that plaintiff investigated the cause of the fire about the time his property was destroyed. Peebles was his representative, and was present at the well on the morning of the day of the fire, and was well acquainted with all the facts surrounding the well at that time; and, though summoned by defendant, plaintiff could not be excused, after verdict, for failure to summon this witness, or procure his evidence before submitting the case to the jury. Besides, after Taylor testified, plaintiff did introduce one or two witnesses to prove that there was no clearing going on on the Denning farm the day of the fire. One witness living in the neighborhood, and well acquainted with conditions, swore that according to his recollection one Rymer had cleared the pine thicket some two or three years before the fire in question, and before Denning purchased the farm, that though Denning had done some clearing after he purchased the farm, witness was pretty sure he had done no clearing in the spring of 1911, just before plaintiff's property was burned in May of that year. There is little difference between this evidence and that contained in the affidavit of Denning relied on for a new trial. He admits he had a small portion of his land cleared in the early spring of 1911, but says that before May 22, 1911, the day of the fire, the clearing had been completed, the land burned off, plowed and planted in corn, and he thought the corn had been

worked once prior to that date; that he was present at the well on the day of the fire, arriving there when the derrick was about to fall in; that there was no fire at any place on his farm that day which by any possibility could have set out the fire destroying plaintiff's property; that he observed the road spoken of by Taylor, over the Davis land, and between his land and the plaintiff's well, and that he observed no signs of fire beyond or east of that road. The witness Peebles and other witnesses could have observed the same facts at and immediately after the fire. Plaintiff himself was a witness and swears that he was at the well the evening of the fire and he then had the same opportunity to see and observe the conditions then surrounding the well, and as to whether there were any evidences of fire east of the road running through the land. He could have been recalled, and could probably have proved all or substantially all that it now appears Denning would prove. Besides, when a party is surprised, and knows of evidence he should then, as a genaral rule, protect himself by asking a continuance, or taking a nonsuit, and not take the chance of an adverse verdict, and then resort to a motion for a new trial as a means of correcting his mistake. *Henderson v. Hazlett,* 75 W. Va. 255, 83 S. E. 907.

Plaintiff having voluntarily joined in the demurrer to the evidence, and having now determined that the court below erred in permitting him to withdraw that joinder, the question comes, what disposition shall we make of the case on this hearing? The court below has not as yet acted upon the demurrer to the evidence, except to set it aside to let in the new evidence. In advance of its action thereon shall we now proceed as requested by counsel for defendant company to consider the demurrer, and pronounce such judgment as we might think proper? Possibly, as an original proposition, we might take a different view of the evidence, from the trial court, and as the judge, who sees and hears the witnesses, is better able to judge of the weight and credibility of the testimony, than an appellate court would be, the parties would by original judgment here be deprived of the benefit of original action by the trial court, and the prevailing party of the benefit of the judgment in his favor on writ of error

here. Our decisions all call for original action by the trial court, as a prerequisite to appellate jurisdiction. *Armstrong* v. *Town of Grafton,* 23 W. Va. 50; *Woods* v. *Campbell,* 45 W. Va. 203; *Kesler* v. *Lapham,* 46 W. Va. 293; *Bartlett* v. *Boyles,* 66 W. Va. 327. Besides it is suggested by plaintiff's counsel that original action here upon the demurrer to the evidence might deprive him of the right to take nonsuit, if so advised, and his rights be prejudiced in that way. *Thrasher* v. *Ballard,* 33 W. Va. 285, 290-293.

We are of opinion that under our practice we ought not to pronounce final judgment on the demurrer here until the trial court has acted. Defendant's counsel cite *Smith* v. *South Penn Oil Co.,* 59 W. Va. 204, in support of their motion for judgment here. But the case is inapt. In that case the court below had pronounced judgment on the demurrer. True we reversed that judgment for error therein and then proceeded to pronounce judgment here, but there the lower court had given its judgment on the demurrer. The only case we have found which at first blush might seem to justify defendant's motion for judgment here is *University of Virginia* v. *Snyder,* 100 Va. 567. In that case, however, the court was reviewing the judgment below refusing to compel joinder in a demurrer by the demurree. It, therefore, became necessary for the court to consider the evidence, and finding error in the judgment below, proceeded to pronounce judgment on the demurrer to the evidence in favor of the demurrant. No precedent is cited by the Virginia court for this practice. But regarding that as proper practice in such cases, it hardly furnished a precedent for a case like the one at bar. The court below in that case in pronouncing the judgment complained of was necessarily compelled to consider the evidence far enough at least to determine whether it was such as to require joinder in the demurrer thereto, and to that extent the court below must necessarily have pronounced judgment thereon. In this case here we have no judgment of the trial court of any kind on the demurrer to the evidence. If the Virginia case promulgates a correct rule of practice, it is not entirely applicable to the case in hand.

For the reasons aforesaid, we are of opinion to reverse the judgment, reinstate the demurrer and the joinder of plain-

tiff therein, and to remand the case for further proceedings to be had therein in the circuit court according to the directions indicated and further according to the rules and principles governing in such cases.

*Reversed and remanded.*