# CHARLESTON.

R. E. L. FRYMIER v. LORAMA RAILROAD CO.

Submitted April 20, 1920. Decided May 18, 1920.

1. DISMISSAL AND NONSUIT—*Plaintiff Cannot Take Nonsuit After Joinder in Demurrer to Evidence and Jury's Retirement.*

   Plaintiff cannot take a nonsuit after joinder in a demurrer to the evidence and retirement of the jury from the bar to assess the damage. (p. 521).

2. APPEAL AND ERROR—*After Reversal and Remand for Error in Granting New Trial, Held That Trial Court Should Render Judgment on Demurrer to the Evidence.*

   Where, upon a demurrer to evidence, the trial court erroneously sets aside the verdict of the jury and grants plaintiff a new trial, and on writ of error to this court the order granting a new trial is reversed and the cause remanded for further proceedings, the court should render judgment upon the demurrer to the evidence. (p. 521).

3. SAME—*Errors on Second Trial Held not Reviewed. But Cause Remanded, With Direction to Enter Judgment on Demurrer to Evidence Made at First Trial.*

   But if, instead of pronouncing judgment upon the demurrer to the evidence, the court permits plaintiff to withdraw his joinder in the demurrer and take a nonsuit, over the objection and exception of defendant, and thereafter reinstates the case on the docket, and another trial thereof is had which is brought up on writ of error, this court will not review the alleged errors committed in the progress of the second trial, but will reverse the judgment and remand the cause for the court to render judgment upon the demurrer to the evidence on the first trial. (p. 521).

   (LYNCH, JUDGE, absent).

Error to Circuit Court, Ritchie County.

Action by R. E. L. Frymier against the Lorama Railroad Company. On the first trial defendant demurred to plaintiff's evidence, in which demurrer plaintiff joined, and, after a conditional verdict for plaintiff, his motion was sustained, and on defendant's writ of error the Supreme Court of Appeals (76 W. Va. 98 ,85 S. E. 26) reversed and remanded for judgment

on the demurrer to the evidence, whereupon the trial court rein-
stated the case for second trial, and, after a conditional verdict
for plaintiff, entered judgment for defendant on the demurrer
to the evidence, and plaintiff brings error, and defendant cross-
assigns error.

*Reversed and remanded.*

*Adams & Cooper* and *R. S. Blair,* for plaintiff in error.
*S. A. Powell,* for defendant in error.

WILLIAMS, PRESIDENT:

This is the second time this case has been here. The first
time it was upon writ of error awarded defendant and it is now
here at the instance of plaintiff. The report of the first review
is found in 76 W. Va. 96. The following is a brief resume of
the case up to this time:

After all the evidence had been introduced on the first trial
the defendant demurred to plaintiff's evidence, in which demur-
rer plaintiff joined, and after the jury had returned a condi-
tional verdict assessing plaintiff's damages, defendant moved
to set it aside on the ground of excessiveness. In this motion
plaintiff joined and asked leave to withdraw his joinder in the·
demurrer, and moved the court for a new trial on the grounds
of surprise and after discovered evidence, and presented affida-
vits of two witnesses to show the materiality of the evidence and
that due diligence was used before the trial to discover it. The
lower court sustained plaintiff's motion, permitted him to with-
draw his joinder in the demurrer and awarded him a new trial,
solely on the ground of the after discovered evidence. But this
court reversed that ruling on the ground that there was no sur-
prise and the after discovered evidence did not show sufficient
grounds for a new trial, and remanded the case for judgment to
be pronounced on the demurrer to evidence. But instead of fol-
lowing the course thus indicated, the trial court, on motion of
plaintiff, permitted him to withdraw his joinder in the demur-
rer and take a nonsuit, and, on payment of the costs and $5.00
damages fixed by the statute, reinstated the cause and permitted
plaintiff to have another trial, all of which proceedings were
had over the objection and exception of the defendant.

86 W. Va.

On the second trial, after all the evidence for both plaintiff and defendant was introduced, defendant again demurred to the evidence, in which plaintiff joined, and the jury returned a conditional verdict, assessing plaintiff's damages this time at $600.00, an amount more than $800.00 less than the jury assessed on the previous trial, and, on the demurrer to the evidence, the court found in favor of defendant and entered judgment accordingly, and to that judgment plaintiff prosecutes this writ of error.  Defendant, in brief of counsel, also cross assigns error.

For the reasons about to be given, it is useless to review the evidence of the second trial.  The principal error, cross assigned, is that the court erred in permitting plaintiff to withdraw his joinder in demurrer and take a non-suit after the case was remanded.  We are of the opinion that this assignment is well founded.  The first trial had ended and this court held there was no surprise and no grounds for a new trial had been shown.  Surely then plaintiff was not entitled to another trial. But, by indirection, he has obtained that which he was not entitled to, a second trial, when no error affecting the verdict appears in the first.

This court on the former appeal passed on all the questions then properly presented and reviewed the evidence but only for the purpose of passing upon the merits of defendant's motion to set aside the verdict on the ground of excessiveness, and held that the evidence sustained the assessment made by the jury, provided plaintiff was entitled to recover any damages.  The evidence was not considered on the merits of the case for the purpose of passing on the demurrer thereto, because the court below had not passed on that question and remanded the cause for the court below to decide it in the first instance.  After it had been determined on appeal that no grounds existed for setting aside the verdict on the motion of either the plaintiff or the defendant, and the case was remanded, there remained but one thing to be done and that was to pronounce judgment upon the demurrer to the evidence.  The jury had performed its part in the trial and had been discharged.  Defendant had a right to withdraw the case from the jury by demurring to the evidence, and plaintiff could not complain of this.  After the

case was remanded it was too late for plaintiff to take a nonsuit. He should have done so before the jury retired from the bar to consider of its verdict. Section 11, ch. 131, Code W. Va. After the judgment granting a new trial was reversed and the case sent back it was in the same condition that it would have been in if the lower court had overruled plaintiff's motion for a new trial, and the only procedure properly to be taken then was the rendition by the court of its judgment on the demurrer to the evidence.

At common law a plaintiff could take a nonsuit at any time before the jury returned its verdict, 3 Bouvier Law Dict., p. 2363, but now, by virtue of a statute, enacted in Virginia in early times, and adopted by this state, section 11, ch. 131, Code, he cannot do so after the jury retires from the bar to consider of its verdict. The rule is the same whether the case is submitted to the jury on the merits or on a demurrer to evidence. If a plaintiff, upon a demurrer to evidence, could suffer a nonsuit, after the jury had assessed the damages, he could thus avoid the assessment, and have another trial, even though he may have no ground for having the verdict set aside, and the law will not permit him to accomplish indirectly what he could not accomplish directly.

We reverse the judgment and remand the cause, with direction to the lower court to render judgment upon the demurrer to the evidence heard on the first trial.

*Reversed and remanded.*