# CHARLESTON.

## STATE v. J. T. EDWARDS.

Submitted December 4, 1923.   Decided December 11, 1923.

CRIMINAL LAW—*New Trial Not Awarded for Cumulative and Corroborative Newly Discovered Evidence.*

> Newly discovered evidence which is merely cumulative and corroborative of evidence already introduced on the trial of a case will not warrant the setting aside of a verdict and awarding a new trial on the motion of the party against whom the adverse verdict and judgment was rendered.

Error to Circuit Court, Cabell County.

J. T. Edwards was convicted of the theft of an automobile, and he brings error.

*Affirmed.*

*L. R. Via, D. B. Hardwick,* and *D. B. Daugherty,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

MILLER, PRESIDENT:

Defendant was tried and found guilty of the offense charged

in the indictment, that on November 8, 1920, he feloniously did steal and carry away one five passenger Buick Six Automobile, engine number 624827, Model 1920, of the value of sixteen hundred dollars, of the goods and chattels of W. N. Branch, against the peace and dignity of the state.

To the judgment below, denying defendant a new trial, he sued out the present writ of error. In the petition for the writ the only error complained of is the overruling of his motion for a new trial. In the briefs filed by his counsel here, they seem to rely solely on the fact that the court denied the prisoner a new trial on newly discovered evidence, shown by his own and the affidavits of four persons who had tendered information subsequently to the trial.

The substance of this alleged newly discovered evidence is that prior to the date of the alleged theft of the machine, namely, on or about November 8, 1920, these witnesses had seen the machine in question in the possession of defendant, and that they had seen Branch, the owner of the stolen car, also in possession of his machine at the same time they had seen defendant in possession of a Buick car of the same type, and that the one they saw Edwards have prior to the time of the alleged theft of Branch's car was the same car defendant had repainted in April following the alleged theft in November of the preceding year.

Without detailing it in full as shown by the affidavits of the proposed witnesses, we think this evidence cannot be characterized otherwise than as simply cumulative and corroborative of the evidence of the defendant himself, and of at least two other witnesses, McCormick and Peck, who were introduced in behalf of defendant, and that it was not sufficient, in view of the other facts and circumstances detailed in the evidence, to justify a new trial on that ground. Besides, the defendant had the advantage of the testimony of R. E. Smith and J. Fitzpatrick, the former a mechanic employed by defendant to do some work of putting additional marks of identification on the car in question, and the evidence of Fitzpatrick tending to show a purchase of the car, as claimed by defendant, from one Roberts, dead at the time the car in question was discovered in the possession of defendant. In view of the evidence we do not think that the

jury, if unimpressed by the evidence of the witnesses introduced on the trial by the defendant, would have regarded as of much greater weight the evidence of the proposed new witnesses, if they had been summoned and examined on the trial. There were too many other incriminating facts and circumstances pointing to the guilt of the accused to be overcome by the proposed new evidence, which, as we have observed, was at most cumulative and corroborative merely of the same kind of evidence given on the trial by other witnesses. In such case the rule well established here and elsewhere is that it will not warrant a new trial. *Wynne* v. *Newman*, 75 Va. 811; *State* v. *Betsall*, 11 W. Va. 703; *State* v. *Williams*, 14 W. Va. 851; *Carder* v. *Bank*, 34 W. Va. 38, 41; *Halstead* v. *Horton*, 38 W. Va. 727; *Frymier* v. *Lorama Railroad Co.*, 76 W. Va. 100.

Wherefore the judgment below must be affirmed.

*Affirmed.*