WATSON v. SEABOARD AIR LINE RAILROAD CO.

(Filed October 20, 1903.)

1. DAMAGES—*Negligence—Personal Injuries.*

On the question of damages for personal injuries it is not error for the trial court to refuse to charge that they should deduct from the earning capacity losses from sickness, railroad accidents and time not employed.

2. DAMAGES—*Negligence—Personal Injuries.*

To aid the jury in arriving at, the present value of the earning capacity of a person killed, the trial judge should give a mathematical rule for computing the same.

3. ISSUES—*Damages—Negligence—Personal Injuries.*

In an action for the death of plaintiff's decedent, the issues "What was the expectancy of life of plaintiff's intestate?" and "What would have been his accumulation arising from his net income for that period?" should not be given in lieu of the issue "What damage is the plaintiff entitled to recover?"

ACTION by A. S. Watson against the Seaboard Air Line Railway Company, heard by Judge *H. R. Bryan* and a jury, at April Term, 1903, of the Superior Court of WAKE County. From a judgment for the plaintiff the defendant appealed.

*T. M. Argo,* for the plaintiff.
*T. B. Womack* and *Day & Bell,* for the defendant.

Montgomery, J.  This action was brought by the plaintiff's administrator to recover damages against the defendant upon the allegation that his intestate was killed through the negligence of the defendant.  By agreement the issue as to the negligence of the defendant was answered by the Court in the affirmative, and the only matter brought up by the appeal arises upon the refusal of his Honor to submit certain issues and to give certain instructions tendered and requested by the defendant upon the measure of damage.

The plaintiff requested the Court to instruct the jury as follows:

"3. After determining the earnings of the deceased you must deduct from that amount the cost of his personal support, including his board, lodging, clothes, doctor's bill, if he should get sick, loss of time from sickness, if he should become sick, loss of time from railway accidents, if such should not occur from the negligence of the railroad or his fellow servants, and any sum he should spend for his personal comfort over and above his necessary expenses, and his failure to find employment at any time, if such failure should occur; these last sums you will deduct from his earnings, and net amount left you will ascertain.  This will be his net income. You will not give this amount, but will give such a sum only as will equal the present value of that net income."

The instruction was properly refused.  It could not have been possible to produce evidence to show how often or how long the plaintiff's intestate might have been sick, how many times he might have been injured in railroad accidents, or how long and how often he might have been out of employment, so that the jury might form an estimate of how much should be deducted from the intestate's gross earnings.  No

such calculation in dollars and cents could have been made by the jury about matters so uncertain and so incapable of proof, and therefore the jury could not deduct any specific amount on account of those matters from the gross earnings of the intestate. Those matters, however, were proper subjects for the consideration of the jury in estimating the probable earnings of the intestate; and his Honor instructed them that they should consider the intestate's strength, his health, his physical condition, his habits of life and the dangers attending his occupation, that of an engineer, and the effects of his occupation upon his health. He also instructed them that they should consider and make allowances for the expected and natural lessening of his capacity to earn money by reason of his increasing years.

The defendant further asked the Court to instruct the jury: "You will ascertain the present value of such net income or accumulation by first ascertaining what one dollar, interest at six per cent., will amount to for the time you have found that the plaintiff's intestate would have lived. Then you will divide the net income by the amount you have found $1.00 and interest for such time to amount to, and the amount thus ascertained will be your answer to the second issue."

In *Benton v. Railroad,* 122 N. C., 1007, this Court sustained the charge of the Court below, which was as follows: "The measure of damages for loss of life of plaintiff's intestate is the present value of his net income, and this is to be ascertained by deducting the cost of living and expenditure from his net gross income, and then estimating the present value of the accumulation from such net income, based upon his expectation of life. In applying this rule to the facts in this case, and to enable the jury to properly estimate the reasonable expectation of pecuniary advantage from the continuation of the life of the deceased, they should consider his age,

habits, industry, means, business qualifications, skill, and his reasonable expectation of life."

In the present case his Honor instructed the jury in those very words, and the charge is again approved. We think, however, that, as illustrative of the rule, and with a view of making the method of calculating the present value of the net accumulations clearer to the jury, they might have been given the mathematical rule requested by the defendant, which is the correct rule, with advantage to the jury. The principle of the established rule would not have been altered or varied, but the additional instruction would have afforded the jury a mathematical rule of arriving at the proper result.

The defendant tendered the following issues, "What was the expectancy of life of the plaintiff's intestate?" "What would have been his accumulations arising from his net income for that period?" in lieu of the second issue tendered by the plaintiff and adopted by the Court, "What damage is the plaintiff entitled to recover?" His Honor properly refused to submit the tendered issues in lieu of the second issue submitted by the Court. If they had been submitted along with the second issue, it would not have been error, although they were not necessary issues. The answers might have been to some extent cumulative as to the response to the second issue, but they would have shown whether the jury understood the instruction of the Court when taken in connection with their response to the second issue: "What damage is the plaintiff entitled to recover?" If the two issues tendered by the defendant had been submitted without the second issue, then it would have become necessary for his Honor or the Clerk to have made the calculation and returned the verdict. That would have been a usurpation of the office and duty of the jury, and could not have been allowed.

No error.