### CHICAGO & N. W. RY. CO. v. OTT*
#### (No. 1212; June 22, 1925; 237 Pac. 238)
#### Rehearing Denied; See 238 Pac. 287

APPEAL AND ERROR—ASSIGNMENT OF ERROR—MASTER AND SERVANT—
ASSUMPTION OF RISKS—TRIAL—INSTRUCTIONS—MEASURE OF DAM-
AGES—NEW TRIAL—DAMAGES.

1. Assignments of error in motion for new trial that court erred in admitting evidence over defendant's objection, to which exception was made at the time, and that there were errors of law occurring at trial and excepted to by defendant at the time, were insufficient to raise any question as to admission of evidence.

2. Any error in sustaining objection to question asked witness *held* not presented for review, where no offer was made indicating what witness' testimony would have been, and no sufficient assignment of error was made in motion for new trial.

3. Assignment of error in motion for new trial that court erred in excluding evidence offered by defendant and excepted to at the time *held* insufficient to raise any question.

4. Assignments of error as to giving or refusal of a number of instructions could not be considered, where at least some of those refused were properly refused, and some of the instructions given correct.

5. In section hand's action for injury while unloading rails, failure of plaintiff's petition to show that federal Employers' Liability Act (U. S. Comp. St. § 8657 et seq.) was applicable *held* not ground for reversal, where liabil-

ity would be the same whether action was based on such act or state law, and evidence was admitted without objection; the petition being regarded as amended.

6.  Servant engaged in interstate commerce or not assumes risk of such dangers as are ordinarily and normally incident to his occupation; a workman of mature years being presumed to know them and extraordinary or abnormal risks, conditions, and dangers of which he knows and appreciates and faces without complaint, or which are so obvious and apparent that an ordinary careful person would, under the circumstances, observe and appreciate them.

7.  In section hand's action for injury, while engaged in interstate commerce, instruction that case was governed by federal Employers' Liability Act (U. S. Comp. St. § 8657 et seq.) *held* properly refused as not aiding jury in arriving at their verdict.

8.  In section hand's action for injuries sustained while unloading rails when a door fell on his back, instruction, that if plaintiff was familiar with fastenings of door and manner in which rail struck against it he would assume risk of being injured thereby, *held* properly refused as omitting element of appreciation of danger.

9.  In section hand's action for injuries, instruction that plaintiff could not recover if his injuries were produced or caused by "conditions" or "occurrences" that were open and known to him *held* properly refused under the evidence as omitting element of appreciation of danger.

10.  Instructions must be based on the evidence.

11.  In section hand's action for injuries sustained while unloading rails, instructions *held* fully to present question of assumption of risk.

12.  In section hand's action for injuries sustained while unloading rails, whether he assumed risks of his employment *held* for jury.

13.  Employee may assume that employer or his agents have exercised proper care for his safety until notified to the contrary, unless want of care and dangers arising from it are so obvious that an ordinary careful person under the circumstances would observe and appreciate them.

14.  Care to be observed by master with respect to an employee's safety must be reasonable, in view of work to be performed and dangers incident to employment.

15. In action by section hand for injuries sustained when rail struck car door causing it to fall on him, whether defendwas negligent respecting condition of door *held* for jury.

16. Instruction on measure of damages was no ground for complaint, where defendant did not except to giving of it, either at the time or in motion for new trial.

17. Instruction that duty of employer to guard his workmen against unnecessary and unreasonable risks extends not only to those that are known to him, but also to such as a reasonably prudent man in exercise of ordinary prudence would know or discover, "having regard to dangers to be avoided," *held* not objectionable by clause quoted.

18. Instruction defining negligence, even if not literally correct, *held* not prejudicial in view of another instruction also defining negligence, to which no objection was made.

19. In action for injuries, failure of instruction on measure of damages to take into consideration probable, normal diminution of plaintiff's earning capacity with advancing years *held* not erroneous, where no instruction to that effect was asked by defendant; jury being aware that earning capacity is apt to decrease with advancing years.

20. In action for injuries, where extent of injury was controverted, new trial for newly discovered evidence that plaintiff was not injured to extent claimed, which evidence would be cumulative only, *held* properly denied for lack of diligence, where no inquiry was shown to have been made prior to trial to secure such evidence.

21. There must be evidence in the case from which amount of damages may be determined to support verdict making allowance for loss of earnings.

22. Jury's finding on conflicting testimony as to permanency of injury is conclusive.

23. Verdict of $28,174 for loss of earnings from personal injuries *held* excessive by $3,526, based on plaintiff's expectancy of life of 33 years and annual earning of $1,500, when reduced to present value at rate of 5½ per cent.

24. Where no exceptions were taken, to instructions, and no assignment was based thereon either in motion for a new trial or petition in error, they will not be considered.

*See Headnotes (1) 3 C. J. p. 978 (2) 3 C. J. pp. 825, 978; (3) 3 C. J. p. 978; (4) 3 C. J. p. 1376; (5) 4 C. J. p. 750; (6) 26 Cyc. pp. 1177, 1214; (7) 38 Cyc. p. 1625 (Anno) (8) 26 Cyc. p. 1201; 38 Cyc. p. 1633; (9) 26 Cyc. p. 1218, 38 Cyc. p. 1633; (10) 38 Cyc. p.

1617; (11) 26 Cyc. p. 1503; (12) 26 Cyc. 1478; (13) 26 Cyc. p. 1182; (14) 26 Cyc. pp. 1076, 1102; (15) 26 Cyc. p. 1463; (16) 3 C. J. pp. 919, 980; (17) 26 Cyc. p. 1499; (18) 38 Cyc. p. 1786; (19) 17 C. J. p. 906; 38 Cyc. p. 1693; (20) 29 Cyc. p. 892; (21) 17 C. J. p. 900; (22) 4 C. J. p. 858; (23) 17 C. J. p. 906; (24) 3 C. J. pp. 919, 980, 1337.

Error to District Court, Converse County; Cyrus O. Brown, Judge.

Action by Edward Ott against the Chicago & N. W. Ry. Co. and another. There was judgment for plaintiff against defendant and it brings error. Rehearing denied; See 238 Pac. 287.

*John B. Barnes, Jr., Wymer Dressler, Maurer & Walker, Robert D. Neeley* and *Paul S. Topping* for plaintiff in error.

The action is within the Federal Employer's Liability Act; Pedersen v. D. L. & W. R. Co., 229 U. S. 146, 57 L. ed. 1125; Truesdell v. C. & O. Ry. Co., 169 S. W. 471; C. N. O. & T. Ry. Co., v. Tucker, 181 S. W. 940; Holmberg v. L. S. & M. S. Ry. Co., 155 N. W. 165; Arrest v. C. & P. S. R. Co., 154 Pac. 1100; questions submitted to the jury should have been applicable to the Act, and the court should have required plaintiff to amend accordingly. Defendant's motion for a peremptory instruction having been denied, defendant requested instructions numbered 2, 3, 11, 12, 15, 18 and 20 which were refused and defendant excepted; the case was submitted on instructions numbered 8, 17 and 19 over defendant's objection and exceptions. There was a variance between plaintiff's allegations and proof. Searle v. Ry. Co., 229 U. S. 155; Ry. Co. v. Slavin, 236 U. S. 454; defendant's requested instructions should have been given; Ry. Co. v. Tucker, supra; Ry. Co. v. Sylvester, 86 S. E. 275; plaintiff assumed the risks of his employment; Truesdell v. Ry. Co., supra; Cross v. R. R. Co., 177 S. W. 1127; the verdict is so excessive as to show prejudice and passion, 17 C. J. 906; Gregory v. Ry. Co., 8 N. Y. S. 525; the verdict was influenced by plaintiff's evidence of pain and suffering and instruction numbered 12 given over defendant's objection and exception; evidence of repairs or alterations made after an

accident are not admissable; Baron v. Redding I. Co., 202
Pac. 274; Elias v. Lancaster City, 203 Pac. 638; Morse v.
M. & St. L. R. Co., 30 Minn. 465; Lally v. Crookston L. Co.,
82 Minn. 497; W. & A. R. Co. v. Rogers, 104 Ga. 164; C. P.
& C. M. R. Co., v. Bretton, 3 Kan. App. 292; Howe v. Ne-
daris, 183 Ill. 288; C. & P. S. R. Co. v. Hawthorne, 144 U. S.
202; the court erred in receiving improper evidence in re-
buttal and in sustaining objection to the testimony of Dr.
Childs; Michaeals v. Harvey, 179 S. W. 735; Obrien v.
West. I. Mfg. Co., 125 S. W. 804; Elliott v. K. C. (Mo.) 96 S.
W. 1023; Priebe v. Crandall, 187 S. W. 605; Heithier v.
Johns, (N. Y.) 135 N. E. 603; Dewey v. Co., 155 N. Y. S.
887; Fennelly v. Co., 193 N. Y. S. 641; Krause v. Sobel,
196 N. Y. S. 845; Dahlquist v. Co., 174 Pac. 833; plaintiff
had waived the benefit of privilege, and the testimony of his
physician should have been received; King v. Barrett, 11 O.
S. 261; the privilege extends to the patient, not to the physi-
cian; Moreno v. Co., 170 Pac. 1088; City v. Wicker, 141
Pac. 963; Co. v. Mitchell, 132 Pac. 1104; Foreest v. Co., 129
Pac. 1049; instruction numbered 12 is erroneous; Co. v.
Nelson, 203 Fed. 956; likewise instruction numbered 15;
Ry. v. Ives, 144 U. S. 408; and the court erred in refusing
instructions numbered 16 and 17; Randall Inst. 594; the
giving of instruction numbered 5 was highly prejudicial,
as there was no evidence of plaintiff's alleged impotency;
the court erred in overruling defendant's motion and a new
trial on the ground of newly discovered evidence; In Re
McClellan's Est., 107 N. W. 681; Colo. Springs v. Togel-
song, (Colo.) 94 Pac. 356; Southard v. Co., 91 Atl. 948.

*Paul F. Showalter* and *Ray E. Lee* for defendant in error.

An assignment worded. ''Errors of law occurring at the
trial excepted and etc.'' presents no question for review;
Boburg v. Prahl et al, 3 Wyo. 325; C. B. & Q. R. R. Co. v.
Morrison, 16 Wyo. 308; Wolbol v. Steinhoff et al, 25 Wyo.
227; Reece v. Rhodes, 25 Wyo. 91; Holdsworth v. Blyth &
Fargo Co., 23 Wyo. 52; the same rule applies to assign-

ments of error in admitting or excluding evidence without
specifying the evidence referred to; error assigned, in that
the verdict is not sustained by sufficient evidence, is con-
trary to the evidence and to law, and will not be considered
unless the verdict be clearly, decidedly and strongly against
the evidence; West. Union Tel. Co. v. Monseau, 1 Wyo. 17;
Martin v. Union Pac. Ry. Co., 1 Wyo. 43; Hilliard Flume
Co. v. Woods, 1 Wyo. 396; Fein v. Tonn, 2 Wyo. 113; Gar-
banati v. Hinton, 2 Wyo. 271; Edwards v. Murry, 5 Wyo.
153; Hardin v. Card, 15 Wyo. 217; Edwards v. O'Brien, 2
Wyo. 493; judgment for damages will not be disturbed on
the ground that it is excessive where the evidence is con-
flicting; C. B. & Q. R. R. Co. v. McPhillamey, 19 Wyo. 47;
in considering damages for personal injuries changes in liv-
ing conditions should be considered; E. C. Boyes v. Des
Moines Club, 170 N. W. 461; Hurst v. C. B. & Q. R. R. Co.,
219 S. W. 566; Halloran v. New England, T. & T. Co., 115
Atl. 143; examples are presented in Hopkins v. New Or-
leans Co., 90 So. 512; Padrick v. Ry. Co., 150 N. W. 807
and cases cited therein; instruction numbered 9 is a correct
statement of the law; instruction numbered 15 is approved
in Engen v. Rambler Co., 20 Wyo. 95; Carney Co. v. Bene-
dict, 22 Wyo. 362; Boatman v. Miles, 27 Wyo. 481; Hines
v. Sweeney, 28 Wyo. 57; instruction numbered 16 correctly
states the law; instruction numbered 3 was properly re-
fused; Kuhn v. McKay, 7 Wyo. 41; instructions 5, 7 and 9
not material under the evidence and properly refused.  Re-
quested instructions 11 and 12 were covered by other in-
structions given; refused instructions 15 and 18 were cov-
ered by other instructions.  It is proper to instruct the jury
on the question of pain and suffering as an element of dam-
age.   On the question of repairs made after the accident,
some evidence was objected to, and evidence on the same
subject was received without objection, thus waiving the
point; Reed v. Div. 25 U. S. 92; Moreno v. Co., 170 Pac.
1088; Kolka v. Jones, 6 (N. Dak.) 461, 71 N. W. 558;
Springer v. Faulk, 59 Fed. 707; Warren v. Warren (Va.)

24 S. E. 913; Hutchinson v. Pinch, (Mich.) 64 N. W. 729; Bright v. Ecker, (S. Dak.) 69 N. W. 824; Levine v. Lancashire (Minn.) 68 N. W. 855; Hawver v. Bell (N. Y.) 36 N. E. 6; Ladd v. Sears, 9 Ore. 244; however we contend that all evidence on this point was properly received; Nugent v. Brenchard (N. Y.) 51 N. E. 1092; Martin v. Hutchinson, 105 S. E. 313; defendant in error did not testify with reference to his conversation with Dr. Childs, nor waive his right to claim the benefit of a privilege communication; Burgess v. Simes Drug Co., 89 A. S. R. 359; Maryland C. Co. v. Maloney, L. R. A. 1916 A 519; May v. N. P. R. R. Co., 81 Pac. 238; Mo. & N. A. R. R. Co. v. Daniels, (Ark.) 136 S. W. 651; Citizens Ry. Co. v. Shepherd, 65 N. E. 765; Baxter v. Cedar Rapids, 72 N. W. 790; Dutton v. Albion, 24 N. W. 786; the verdict and judgment were not excessive; Wyo. Cent. Co. v. LaPorte, 26 Wyo. 249; Ill. Cent. Ry. Co. v. Johnstone, 87 So. 866; City v. Wells, 191 Pac. 186; Fishleigh v. Ry. 171 N. W. 549; G. H. & S. A. Ry. Co. v. Hopkins, 202 S. W. 222; Central Coal & Coke Co. v. Graham, 196 S. W. 940; Meek v. Ry. Co., 164 Pac. 1117; Wilson v. B. & O. R. R. Co., 194 Ill. App. 491; error alleged for refusing new trial on ground of newly discovered evidence is unsupported and insufficient; Northaf v. State, 239 S. W. 215; it was by supplemental motion filed out of time; Mitter v. Co., 28 Wyo. 439; it lacked a showing of diligence, 21 Wyo. 447; Hardin v. Card, 15 Wyo. 217; Durham v. State, 29 Wyo. 85; it was in the nature of cumulative evidence; Link v. U. P. Ry. Co., 3 Wyo. 679; Freisheimer v. Missoula Co., 210 Pac. 329; In re Loucks' Estate, 117 Pac. 673; State v. Miller, 133 Pac. 878; Peterson v. Phelps, 143 N. W. 793; State v. O'Brien, 35 Mont. 482; Hamblin v. State, 81 Nebr. 148; even if the evidence claimed to be newly discovered were true, it would not alter the verdict, since it merely related to the measure of damages; Schlencker v. Risley, 38 Am. Dec. 100; Whipple v. R. R. Co., 35 Atl. 305; if it were impeaching in character, it would not justify a new trial; In re Est. of Chas. Colbert, 31 Mont. 461; Peo-

ple v. Williams, 242 Ill. 197; the point urged as to variance between allegations and proof contains no showing of surprise or prejudice and was insufficient; C. B. & Q. R. R. Co. v. Pollock, 16 Wyo. 321; Hunt v. City of Laramie, 26 Wyo. 160; Phelan v. Co.; 26 Wyo. 493; the point cannot be first raised on appeal; Fast v. Whitney, 26 Wyo. 433; the defense of assumption of risk cannot be urged where the negligence of a fellow-servant is the immediate cause of an injury, unless the injured party could have foreseen or expected such negligence; Read v. Director General of R. R., 258 U. S. 92; fellow-servant rule does not apply in cases coming within the Federal Employer's Liability Act; Boldt v. Pa. Ry. Co., 245 U. S. 441; negligence is a question for the jury; Hines v. Sweeney, 28 Wyo. 57; if one instruction of a group excepted to generally be good, there is no ground for new trial; Richey v. State, 28 Wyo. 117; if an amendment to the pleadings were necessary to conform to the proof and instructions of the court, it would be considered as made; C. B. & Q. R. R. Co. v. Pollock, 16 Wyo. 321; Phelan v. Co., supra; the rule extends to a case proven under Federal Employer's Liability Act; Thornhill v. Davis, 113 S. E. 370.

BLUME, Justice.

Edward Ott sued the Chicago & Northwestern Railway Company, a corporation, and R. R. Featherstone, defendants, for damages for injuries sustained. At the close of the testimony a dismissal was entered as to Featherstone. The jury returned a verdict in favor of plaintiff and against said railway company, for $32,500. Judgment was entered for $31,700, the amount stated in the verdict having been reduced by $800 with the consent of plaintiff. A motion for a new trial was filed and overruled. Said railway company has brought the case here by proceedings in error, and will be mentioned herein as the defendant, the plaintiff being referred to as in the court below.

The latter, on or about April 20, 1921, while in the service of the defendant railway company as a section laborer and in the performance of his usual duties, was engaged in unloading rails from a gondola car at or near Careyhurst, Wyoming. Said rails were distributed along the railroad tracks of the defendant company. The equipment used in unloading them was an air-pressure crane, mounted on a flat car. The procedure in unloading rails was for one of the section hands to take the lead line running over the boom of the crane and carry the rail clamps, which were fastened to the end of the line, out to the middle of the rail. It appears that the crane was not long enough to reach to the center of the car, and when clamps were fastened to the center of the rail and the rail was lifted, it would swing toward the end of the car next to which the crane was located, and strike the door attached to the end of the car in question, sometimes with considerable force. This door was hinged at the bottom and fastened up with hooks at the top. Its weight was about 500 pounds. The plaintiff worked in that end of the car, helped to pry loose the rails to be taken out and to guide the end of the rails nearest to the crane. During the progress of the work one of the rails, when hoisted, swung against the door in question while plaintiff was stooping over, struck it with great force, unfastened the hooks and caused it to fall inward. It fell upon the plaintiff's back and buried him beneath it, until it was lifted by his fellow workers. The injuries complained of are claimed to be the result of the fall of that door. Plaintiff continued to work the remainder of the day and the next day till 2 :30 in the afternoon, but has not performed any labor since that time except for a period of fifteen minutes some ten days later. He claims that ''a part of the transverse process of one of the vertebrae of his back was destroyed, leaving the muscles which support the back at that point without any point of attachment, and leaving the spinal column at that side without the support of the muscles''; that he is unable to use his feet and legs normally; that he cannot walk with-

out crutches; that it is necessary for him to wear a brace continuously; that he is impotent and unable to control his urine; that his back is so weakened that he is permanently incapacitated from doing any manual labor; and that all this is the result of the injury received.

1.    The defendant complains that the court committed error in permitting evidence to be introduced relative to repairs made on the door after the accident in question. We find, however, no assignment of error in regard to it in the motion for a new trial. The assignments contained in that motion, that there was "error of the court in admitting evidence over and above the objection of the defendant, to which exception was made at the time," and that there were "errors of law occurring at the trial and excepted to by the defendant at the time", are insufficient in order to raise any question as to the admission of evidence. This has been held in several decisions of this court. Nelson v. Cons. Elec. & M. Co., (Wyo.) 231 Pac. 397, and cases cited.

2.    Complaint is also made that when Dr. Samuel B. Childs was upon the witness stand, the court sustained an objection to a question asked said witness, the ground of the objection being that communications made to the witness by the plaintiff were privileged. No offer was made indicating what the testimony of the witness would have been, and hence we cannot tell whether or not the error, if any, was prejudicial. Casper Motor Co. v. Marquis, (Wyo.) 223 Pac. 764. Further than that, we find no assignment of error in regard to the point in question in the motion for a new trial. The assignment contained in that motion, that there was "error of the court in excluding evidence offered by the defendant and excepted to at the time", is as insufficient as the assignments of error already considered.

3.    Complaint is also made that the court erred in refusing to give certain requested instructions. The assignment of error relating thereto is as follows: "Error of the court in refusing to give to the jury instructions numbers 3, 5, 7, 9, 11, 12, 15, 13, 20, 24 and 25, requested by the defendant."

If the court, under an assignment of this kind, was right in refusing either of these instructions, the assignment cannot be sustained. McFetridge v. State, (Wyo.) 231 Pac. 405, and cases cited. We have examined the instructions and find that at least some of them were properly refused, and hence we cannot consider the remainder.

4. The petition in this case did not state any facts showing that the plaintiff was engaged in interstate commerce, or that the defendant company was an interstate carrier. The answer of the defendant denied the allegations of negligence in the petition, and further pleaded that the plaintiff was employed by said company in unloading steel rails to become a part of the main line track of the said railway company, which track was at all times and still is used in interstate commerce; that the plaintiff at the time of his injury was engaged in such interstate commerce; that he was experienced in and about the work he was performing and familiar with all the conditions of said work, and that said injury was due to risks which were open, obvious and well known to plaintiff and which he, accordingly, assumed. The plaintiff replied and denied these allegations generally. It is conceded in the briefs of counsel that plaintiff was, at the time of his injury, engaged in interstate commerce and that this case is governed by the Federal Employers' Liability Act of April 22, 1908. (35 Stat. at L., c. 149, U. S. Comp. Stat., Supp. 1913, sec. 8657), according to the rule laid down in Pedersen v. R. Co., 229 U. S. 146, 57 L. Ed. 1125, 33 Sup. Ct. 648, and other cases. See Roberts' Federal Liability of Carriers, section 469. The defendant, accordingly, contends that while plaintiff might have amended his petition to show this fact, a verdict should have been directed in its favor, in as much as he made no such amendment. The nearest case in point, to which we are cited, is Cincinnati etc Railway Co. v. Tucker, 168 Ky. 144, 181 S. W. 940. The court held that where plaintiff did not amend his petition to show that the case came under the Federal Employers' Liability Act, so as to make the pleadings con-

form to the proof, a refusal to give a peremptory instruction in favor of defendant was error. The decision seems to turn mainly on a technical point of practice. But, further, it appears that the principle applicable in that case if tried under the Federal law would have been different from that applicable if the case were controlled by the State law. The defendant had pleaded contributory negligence, which under the laws of Kentucky would, presumably, have been, if proven, an absolute defense, but which under the Federal Employers' Liability Act, if proven, would only have had the effect of reducing the amount of damages contributed thereby. Hines v. Sweeney, 28 Wyo. 57, 201 Pac. 165, 1018. In the case at bar the only defense set up, aside from the denial of negligence, is that of assumption of risk, which, in an ordinary case involving negligence, may be set up under the laws of this state no less than under the Federal law, as will be noticed from the discussion of the subject of assumption of risk in Boatman v. Miles, 27 Wyo. 481, 199 Pac. 933, 26 A. L. R. 864, and Carney Coal Co. v. Benedict, 22 Wyo. 362, 140 Pac. 1013, 144 Pac. 19. Hence the rule of liability would be the same, whether the action was based on the Federal Employers' Liability Act or not, making the situation in this case different from that in the Kentucky case, even if the rule in that case were accepted, which we must not be understood as doing. There are cases when the question as to whether or not a case falls within the Federal Employers' Liability Act becomes of importance. That was true, for instance, in St. Louis etc R. Co. v. Seale, 229 U. S. 156, 57 L. Ed. 1129; 33 Sup. Ct. 651; Ann. Cas. 1914 C. 156, where a plaintiff who had a right to sue under the laws of the state of Texas, had no such right under the Federal act referred to. In Toledo etc R. R. Co. v. Slavin, 226 U. S. 454, 59 L. Ed. 671, 35 Sup. Ct. 306, the suit was brought, and the case submitted to the jury, under the laws of Ohio which had abolished the defense of assumption of risk. In that case, the court referring to the Seale case said as follows:

''The principle of that decision, and others like it, is not based upon any technical rule of pleading, but is a matter of substance, where .as in the present case, the terms of the two statutes differ in essential particulars.''

It is thus apparent that under the view of the United States Supreme Court, the point of importance in a case falling under the Federal act referred to, is as to whether or not the defendant, if liable in the action at all, had the benefit of the defenses to which he is entitled under that act. And as far as the defect in the petition in the case at bar is concerned, we should, if necessary, in view of the fact that the evidence relating to said defect was admitted without objection, regard the petition as though it had in fact been amended, under the rule announced by this court on several occasions. Kuhn v. McKay, 7 Wyo. 42, 49 Pac. 473, 51 Pac. 205; C. B. & Q. R. R. Co. v. Pollock, 16 Wyo. 321, 329, 93 Pac. 847; Quinlan v. Jones, 27 Wyo. 410, 417, 198 Pac. 352.

5. A servant assumes (1) the risk of such dangers as are ordinarily and normally incident to his occupation, and a workman of mature years is presumed to know them, whether he does or not; (2) such extraordinary or abnormal risks—usually, at least, arising out of the negligence of the master—the conditions and dangers of which he (a) knows and appreciates and faces without complaint, or the conditions and dangers of which (b) are so obvious and apparent, that an ordinarily careful person would, under the circumstances, observe and appreciate them. Boatman v. Miles, 27 Wyo. 481, 487, 119 Pac. 933, 26 A. L. R. 864; Roberts, supra, sec. 561. These rules apply to interstate employees. Baugham v. R. R. Co., 241 U. S. 237, 36 Sup. Ct. 592, Jacobs v. Ry. Co., 241 U. S. 229, 36 Sup. Ct. 588; Boldt, v. R. R. Co., 245 U. S. 441, 38 S. Ct. 139, 62 L. ed. 385; Roberts, supra, sec. 558-561. As heretofore indicated, the question arises as to whether or not the defendant had the benefit of its defense under these rules. An instruction,

asked by the defendant, to the effect that the case at bar was governed by the Federal Employers' Liability Act obviously would not aid the jury in arriving at their verdict, and was properly refused. The court, by Instruction No. 2, told the jury of the defense of assumption of risk made by the defendant. By Instruction No. 11 the court stated that the plaintiff assumed the ordinary risks incident to his employment. Again, by Instruction No. 20 the jury were directed to find whether or not the plaintiff assumed the risks of the injury which he received. By instructions Nos. 3 and 4, certain questions of negligence were withdrawn from the jury, leaving them to consider only two—first, whether or not the defendant was negligent in furnishing a lifting crane that was too short; and, second, whether the door or the fastenings thereon were defective. By Instruction No. 10 the court, though perhaps inelegantly, specifically directed the attention of the jury to the subject as to whether or not the plaintiff assumed the known or open and obvious risks connected with the condition of the unloading crane. No complaint is made in regard thereto. And the only point not specifically covered, except as done in a general way in the instructions already mentioned, is whether or not the plaintiff assumed the risks in connection with the condition of the door at the end of the car. Defendant asked its Instructions numbered 15 and 20, both probably intended to direct the attention of the jury to this point. But as stated before, we cannot consider them for the reason that no proper assignment of error in regard thereto is before us. Aside from that, however, only the latter called specific attention to the door, and was to the effect that if plaintiff was familiar with the fastenings on the door and the manner in which the rails struck against it, he would assume the risk of being injured by its falling on him. This instruction did not correctly state the law, mainly because it left entirely out of consideration the element of appreciation of danger, which was particularly pertinent here in view of the testimony that no other door had fallen pre-

viously. 26 Cyc. 1200, 1201. It is true that in some cases, as pointed out, for instance, in Butler v. Frazee, 211 U. S. 459, 53 L. Ed. 281, 29 Sup. Ct. 136, where the conditions are constant and of long standing and the danger is one that is suggested by the common knowledge which all possess, and both the conditions and dangers are obvious to the common understanding, the question of appreciation of danger may become one of law for the court; but that is not, we think the situation in this case. Instruction No. 15, asked but not given, is to say the least, very indefinite, and subject to an objection similar to that already mentioned. In it, the jury were asked to be instructed that plaintiff could not recover if his injuries were produced or caused by ''Conditions'', or ''occurrences'' that were open and obvious and known to him. A ''Condition'', a defect in the hooks and eyes of the door, for instance, might be known and apparent to him, and yet, as already pointed out, the danger therefrom might not at all be known to or appreciated by him. In 26 Cyc. 1217, it is said:

''To show that a servant assumed the risks connected with his employment, it must appear, not only that a defect was patent and obvious, but that he knew the *danger* of working under defective conditions. The mere fact that he could see and know the defect will not debar a recovery, unless the *danger* is so open and apparent that no ordinarily prudent person would encounter it.'' (Italics are ours.)

Further than that, it is well settled that instructions must be based upon the evidence in the case. It does not appear that plaintiff knew of the defective condition of the fastenings of the door previous to his injury. In fact whatever testimony appears in the record is to the contrary. Nor is there any evidence that the defective condition was open or obvious. The fact that plaintiff might have looked, and by the exercise of ordinary care could have discovered the defect, might be contributory negligence, but has nothing

to do with assumption of risk, unless, as stated, the defective condition and the danger arising from it were so obvious that an ordinary careful person would, under the circumstances, appreciate them. Chesapeake & Ohio Ry. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564; Cincinnati etc R. Co. v. Thompson, 236 Fed. 1, 149 C. C. A. 211; Roberts, supra, sec 561. The defendant's testimony tended to show that the door was examined shortly previous to the injury in question and that the fastenings were in good condition. Hence defendant maintains on the one hand that no defect existed, and on the other hand that the risks therefrom were open and obvious—positions clearly inconsistent with each other. We think that the question of assumption of risk, in so far as it was warranted by the evidence in the case, was fairly and fully presented to the jury and applied in this case.

6. It follows, also, we think, from what we have already said, that plaintiff should not, under the evidence, be held to have assumed the risks of his employment as a matter of law. But we might add: An employee may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless, as stated before, the want of care and the dangers arising from it are so obvious that an ordinarily careful person would, under the circumstances, observe and appreciate them. Chesapeake & Ohio Ry. Co. v. De Atley, supra. The care to be observed by the master must be reasonable in view of the work to be performed and the dangers incident to the employment. 26 Cyc. 1102. Hence, to say the least, when defendant employed a crane that was too short, by reason of which the rails would swing in an unusual manner against the door, it was its duty to exercise a care, in keeping the fastenings on the latter in a proper condition, that was proportionate to the dangers created thereby. Plaintiff had a right to assume that the defendant used ordinary care in fastening the door, so as to withstand the shocks of the rails against it. He was not bound to assume that it

would fall. No doors had fallen before, though frequently struck in similar manner as the door in question, and the defective condition mentioned and the situation of danger were not, we think, so open and obvious as to hold that the plaintiff assumed the risks therefrom as a matter of law.

7. It is argued that plaintiff failed to prove any negligence on the part of the defendant, particularly in connection with the door. It appears, as stated before, that no door in any other car had previously fallen. The plaintiff testified that the hooks on the door and the eyes were worn, and that the former were uncommonly loose; that he observed this condition immediately after his injury. It may be, as argued by counsel for the defendant, that such condition, or part of it, was brought about by the strain resulting from the continual jar of the heavy rails against the door, but the fact that no door had fallen before, at least when taken in connection with plaintiff's testimony, would have a tendency to show a condition of negligence. We think that the question as to whether or not the defendant was negligent, was, under the evidence in this case, a question for the jury.

8. Complaint is made of Instruction No. 12, given by the court, which impliedly, among other things, authorized the jury to take into consideration in fixing the damages, the pain and suffering of plaintiff as shown by the evidence. It is claimed that such instruction was improper, because of the fact that the petition does not mention any pain and suffering. In the first place, we. are not prepared to say that the instruction is wrong. It is said in 17 C. J. 1011, 1012, that pain and suffering need not be specially pleaded, where inseparable from and a natural consequence of an injury, which is undoubtedly the situation in the case at bar. We need not, however, decide the point. The defendant did not except to the giving of this instruction, either at the time that it was given or in the motion for a new trial, and we could not, accordingly, consider the objection now made to it.

9. Assignment of error No. 12, both in the motion for a new trial as well as in the petition in error, is as follows: "Error of the court in giving to the jury Instructions Nos. 9, 15 and 16." The assignment is not good, if either of the instructions given were correct. In Instruction No. 15 the court stated that the duty of an employer to guard his workmen against unnecessary and unreasonable risks, extends not only to those that are known to him but also to such as a reasonable, prudent man in the exercise of ordinary prudence would know or discover "having regard to the damages to be avoided." The objection made relates to the clause quoted, which was probably copied from the opinion of this court in Engen v. Rambler Co., 20 Wyo. 95, 126, 121 Pac. 867, 874, 123 Pac. 413. The clause is approved in 4 Thompson on Negligence, sec. 3783, and we think the objection without merit. Instruction No. 9 told the jury that negligence is the want of the reasonable care which would be exercised by a person of ordinary prudence under all existing circumstances "in view of the probable danger of injury." The quoted part is objected to, but is little different from the clause quoted from the given Instruction No. 15, and would not, we think, even if not literally correct, have any prejudicial effect, particularly in view of Instruction No. 7 given to the jury which also defined the term negligence and to which no objection is made.

Notwithstanding, however, what we have said, we shall discuss Instruction No. 16 given by the court. It is as follows:

"You are instructed that the measure of damages for loss or impairment of earning capacity is the difference between the earning capacity before and after the accident and this depends not only on the actual earning capacity, but on the use made of it. If you find the plaintiff is entitled to recover for the time lost as a result of the injury, and the time that he will lose in the future and also for his decreasing capacity to earn in the future, and the value of plain-

tiff's time which he may lose in the future should be estimated on the basis of what he may be able to earn in his crippled condition."

The second sentence in the instruction seems to be without meaning, unless the period preceding the word "if" is changed to a comma. The first sentence in the above instruction seems to be a correct statement of the law. 17 C. J. 897. We are unable to tell from the brief of counsel just what objection they make to the instruction, but the main point urged seems to be that the instruction should have told the jury that they should have taken into consideration the probable, normal diminution of plaintiff's earning capacity with advancing years, in accordance with the rule laid down in 17 C. J. 906. No instruction to that effect, however, was asked or offered by the defendant, and we think that in the absence thereof, no error was committed by the court in not calling the attention of the jury to that point, particularly in view of the fact that the members of the jury were aware, as everybody else must be, that earning capacity is apt to decrease with advancing years.

10. A supplemental motion for a new trial was filed, based upon the ground of newly discovered evidence. Affidavits were annexed to the motion, and the facts therein stated were controverted by counter-affidavits on behalf of the plaintiff. The affidavits, to sustain the motion, were made by neighbors of plaintiff and were to the effect that plaintiff was not injured to the extent that he claimed. Defendant introduced considerable testimony during the trial to show the extent of the injury of plaintiff to be much smaller than claimed, and we are inclined to believe that the newly discovered evidence would be cumulative only and would not furnish a proper ground for a new trial. Link v. Union Pacific Ry. Co., 3 Wyo. 679, 29 Pac. 741. In addition to that, we do not think that there was a sufficient showing of diligence to discover this testimony prior to the time of the trial. The extent of the injury, was, as stated be-

fore, one of the controverted questions in the case, and due diligence would have suggested an inquiry of the neighbors as to their knowledge on the subject; but no such inquiry is shown to have been made prior to the trial. See Durham v. State, 29 Wyo. 85, 97, 210 Pac. 934; Demple v. Carroll, 21 Wyo. 447, 457, 133 Pac. 137, 135 Pac. 117.

11. The jury in its verdict of $31,700, as reduced by the court, specially allowed $26,200 for loss of earnings, $5,000 for impotency, and $500 for medical expenses, and it is claimed that the verdict is excessive. This claim is directed only against the sum of $26,200 specifically allowed by the jury as loss of earnings. There must be evidence in the case from which the amount may be determined. 17 C. J. 900. It was held in Chesapeake & Ohio Ry. Co. v. Kelly, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917 F. 367, a case arising under the Federal Employer's Liability Act, the court reversing a decision of the Supreme Court of Kentucky, that adequate allowance must be made for the earning power of money, and that when future payments are to be anticipated, the verdict should be made upon the basis of their present value only. See also Note L. R. A. 1917 F. p. 373; 17 C. J. 907. We think that we are bound by that rule, inasmuch as it may be readily applied to the amount which the jury specifically found for loss of the earnings which plaintiff might have received from year to year to the time of his death. The testimony is conflicting as to the permanency of the disability of plaintiff. The jury evidently believed him to be permanently disabled, and their finding is final on that question. The testimony is not conclusive one way or the other, as we should naturally expect to find it, as to what amount of money would probably have been earned by plaintiff had he not been injured. He was earning $3.80 per day at the time of the injury, which, upon the basis of 313 working days would make $1189. per annum. The wages for the same work that plaintiff was then doing, were reduced in July, 1921 to $3.20 per day and in July, 1922 to $2.80 per day. Part of the time, shortly

before the injury in question, plaintiff had earned $4.24 per day and part of the time $5.00 per day. There is no way in which the future earnings may be definitely measured. Life is uncertain. So is health. Plaintiff might have been able to have increased his earnings; again these might have been decreased. 17 C. J. 897; Richmond etc R. Co. v. Allison, 86 Ga. 145, 149; 12 S. E. 352, 11 L. R. A. 43. It is probable, however, in view of plaintiff's limited education, as shown by the testimony, and in view of his habits of life, at his age reasonably well fixed, that his future earnings would not have exceeded the maximum amount above shown. Counsel for plaintiff maintain in their brief that his earning capacity was $1500 per year. While it is true that this would probably decrease in the later years of his life, we cannot say that the jury were not, under the evidence, warranted in finding the amount to be that stated by defendant's counsel, or that such amount is so unreasonable as to require us to disregard it. If then we accept that amount, as we do, it is only necessary to reduce the total future earnings to their present value. Plaintiff's expectancy of life was 33 years; hence his total earnings, on the basis of $1500 per annum, would be $49,500. To reduce that amount to its present value depends on the rate of earning capacity thereof. In Central of Georgia R. Co. v. Moseley, 112 Ga. 914 26 S. E. 730 914, 38 S. E. 350; and Florida R. R. Co. v. Burney, 98 Ga. 1, it was fixed at the legal rate, which in Wyoming, at the time of trial, was eight per cent per annum, reduced, however, to seven per cent per annum by chapter 34 of the Session Laws of 1923. The legal rate—eight per cent—was also accepted as the standard in Louisville & N. R. Co. v. Morris, 179 Ala. 239, 60 So. 933, and McAdory, v. R. Co., 94 Ala. 272, 10 So. 507. In Watson v. R. Co., 133 N. C. 188, 45 S. E. 555, the standard adopted was six per cent per annum—probably the legal rate. In Peterson v. Chemical Co., (C. C.) 131 Fed. 156, the court fixed the earning rate, without reference to any legal rate, at five per cent per annum, compounded. Counsel for defendant in-

sist that the legal rate should be adopted as the standard in the case at bar, but that was held to be unnecessary in Chesapeake & Ohio Ry. Co. v. Kelly, supra, when the court said that the legal rate might not be obtainable and that the rate to be adopted should be moderate and one which, in making an investment, may be obtained without the exercise of any specially financial skill. We are left without a guide on that point in the evidence, but think that in view of the general market conditions, of which we cannot be considered, sitting as a court, to be entirely ignorant, and in view of all of the evidence in the case, a basis of five and one-half per cent per annum, interest computed annually, would be fair. According to that basis the present value of the earnings aforesaid amount to $22,674, instead of $26,200, as computed by the jury, an excess of $3526, as to which excess the verdict is unsupported by the evidence. We have examined the record carefully and find no other error prejudicial to the defendant.

It is accordingly ordered that the judgment of the district court be affirmed upon condition that plaintiff file a remittitur in the district court, within thirty days after filing of the mandate issued from this court in the district court, of the sum of *$3526*, leaving the judgment at the sum of *$28,174* as of the date thereof; unless such remittitur is so filed, the judgment shall be considered as reversed and remanded for a new trial. The cost in this court will be taxed three-fourths to plaintiff in error (defendant) and one-fourth to defendant in error (plaintiff).

*Affirmed upon condition.*

Potter, C. J., and Kimball, J., concur.

Blume, Justice.

A petition for rehearing has been filed herein. Counsel for the company now call our attention to sec. 5388 W. C. S. 1920, which in effect appears to abolish the defense of assumption of risk in actions for negligence against railroad companies, while we, in the original opinion assumed that such defense could be set up in the case at bar under the state law as well as under the Federal Employer's Liability Act. Our attention had not been called to said section previously, and our assumption was evidently erroneous. What we stated in that connection was in an attempt to distinguish the case of Cincinnati etc. Railway Company v. Tucker, 168 Ky. 144, 181 S. W. 940, where the court had held that where the plaintiff's petition did not disclose the action to fall under the Federal Employer's Liability Act, it should, when that fact was disclosed by the evidence, be amended to conform to the proof, or dismissed. It may be, in view of the section of our statute above referred to, that this case may not be distinguishable from the Kentucky case in the respect mentioned, but that is wholly immaterial. We refused to adopt the rule in that case, and held that if necessary, the petition should, under the circumstances, be regarded as amended. The rule contended for by counsel is highly technical and without any merits under the facts of this case. The Railroad Company was entitled to have the case tried under the Federal Law. That was done, for it is clear that the lower court did not submit the case to the jury under the theory that section 5388, supra, applied, but on the contrary under the theory that the Railroad Company was entitled to the benefit of the defense of assumption of risk. Counsel also complain that the court erred in instructions 17 and 20 given to the jury, in speaking of ''proximate,'' ''direct,'' and ''contributing'' cause. No exceptions were taken to these instructions, no assignment was based thereon either in the motion for a new trial or the petition in error. The point in fact is now argued for

the first time, but counsel think that we should still consider it under the holding of North. C. R. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 306, 58 L. Ed. 591 Ann. Cas. 1914 C. 159; and Toledo etc. R. Co. v. Slavin, 236 U. S. 454, 59 Law Ed. 671, 35 Sup. Ct. 306, 59 L. ed. 671. These cases do not appear to hold as counsel contend, and we must, under our previous holdings, decline to consider these instructions.

Rehearing must be denied, and it is so ordered.

Counsel for plaintiff in error having indicated that they will seek to have the judgment herein reviewed by the Supreme Court of the United States on writ of certiorari, no mandate will be issued from this court, as in usual course, for the period of fifteen days from this date, so as to give an opportunity to the plaintiff in error during that time to apply for a stay of the execution and enforcement of said judgment as provided by Act of Congress and the rules of the Supreme Court of the United States relating thereto.

POTTER, C. J., and KIMBALL, J., concur.