**James R. GILLASPIE, Appellant**
**(Defendant below),**

**v.**

**Robert L. DUNCAN, as Wyoming administrator for the estate of Charles A. Goff, deceased, Appellee (Plaintiff below).**

**No. 3453.**

Supreme Court of Wyoming.

Jan. 28, 1966.

W. A. Swainson, of Swainson & Swainson, Cheyenne, Victor E. DeMouth, Golden, Colo., for appellant.

Robert L. Duncan, of Miller, Suyematsu, Crowley & Duncan, Cheyenne, Richard D. Dittemore, of Sakdol, Dittemore & Doherty, Littleton, Colo., for appellee.

Before PARKER, C. J., and GRAY and McINTYRE, JJ.

PER CURIAM. ·

James R. Gillaspie, defendant, has appealed from a judgment upon a jury verdict which awarded damages against him, under the wrongful death statute, for the death of Charles A. Goff.

Goff was killed in a head-on collision of a motor vehicle driven by him and one driven by Gillaspie. It is admitted defendant-Gillaspie drove in the wrong lane of traffic, which was Goff's proper lane, for a distance of three or four miles. The vehicles were traveling in opposite directions, and the collision resulted.

At the trial, Gillaspie did not appear, but certain interrogatories previously answered by him were admitted into evidence. His negligence is freely confessed by his attorneys, in the appeal. Contributory negligence had been asserted on his behalf at the trial. We are not impressed with any of the errors claimed, and we need comment only briefly on them.

Error is claimed because the court did not instruct to the effect that the driver of a motor vehicle in his own lane of traffic has a duty to use ordinary care to avoid a collision; also because the court did not instruct that a person is bound to see what is open and apparent and to take knowledge of obvious danger.

We fail to find any evidence in the record which would show Goff failed to use ordinary care or failed to see and appreciate obvious danger. Instructions, of course, must be based upon the evidence in a case. Chicago & N. W. Ry. Co. v. Ott, 33 Wyo. 200, 237 P. 238, 242, rehearing denied 238 P. 287, certiorari denied 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425; Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d 645, 647.

Moreover, it appears from the record that the jury was fully instructed on the defense of contributory negligence and the duty to maintain a proper lookout. The contributory-negligence instruction made it clear plaintiff could not recover if Goff was guilty of contributory negligence, and that was equivalent to saying plaintiff could not recover if Goff did not use ordinary care to avoid the collision.

· The proper lookout instruction stated specifically that a driver had a duty to see objects in plain sight and to take knowledge of obvious dangers. It covered the subject matter of seeing what is present to be seen every bit as fully, if not more fully, than the instruction defendant requested.

Other errors claimed include (1) the giving of an instruction in statutory language that the jury may add, as an element of damage, a reasonable sum for the loss of comfort, care, advice, and society of the decedent, there being no specific proof of the dollar-value of such loss; (2) the failure of the court to define "impeached," when it told the jury it could take into consideration, among other things, whether a witness has been impeached; (3) the failure of the court to exclude testimony that a vodka bottle was in defendant's automobile; and (4) the admission into evidence of the death certificate of Goff. However, appellant has presented neither persuasive authorities nor cogent argument to substantiate these claims of error.

Affirmed.

Mr. Justice HARNSBERGER not participating.