**Leland N. MELLOR, Appellant (one of Plaintiffs below) (Katherine R. Bybee and Workmen's Compensation Department ex rel. Wyoming State Treasurer, other plaintiffs below),**

v.

**TEN SLEEP CATTLE COMPANY, Appellee (Defendant below).**

**No. 4557.**

Supreme Court of Wyoming.

May 26, 1976.

J. T. Langdon, Cheyenne, Stephen E. Cole, Worland, and W. Eugene Hansen and G. Richard Hill, Salt Lake City, Utah, for appellant.

Elmer J. Scott, Scott & Shelledy, Worland, for appellee.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This is a negligence case and the only two issues, as stated in appellant's brief, are as follows:

"I. The trial court's holding that defendant Ten Sleep Cattle Company was not negligent is not supported by the evidence."

"II. The trial court's holding that plaintiff was contributorily negligent and/or assumed the risk is not supported by the evidence and is contrary to law." [1]

## FACTS

The plaintiff, Leland N. Mellor, was a ranch workman employed by the defendant Cattle Company on the day he was injured. Mr. Mark Carter, the president and general manager of the Company, asked the plaintiff to assist in removing a cabinet from the wall of a building which was, together with the cabinet, to be moved on skids to another location. The plaintiff was further requested to assist Carter and his son in lifting the cabinet from the ground inside the building to an upright position so that it could once again be placed against the wall.

The three men succeeded in lifting the cabinet from the ground to an upright position and they were attempting to move it back against the wall where it had originally been fastened, during the course of which operation the injury to the plaintiff occurred. These attempts were made by walking the object because the cabinet was heavy and could only be moved a short distance at a time. While the plaintiff and the other two were taking a short break of five to ten minutes during these moving operations, the cabinet suddenly, and without warning, fell backward, trapping the plaintiff beneath it in such a way that he suffered serious and permanent personal injury.

Since the plaintiff-appellant had been working with the Carters in moving the cabinet, it is clear that he knew how heavy is was and was familiar with all of its other physical characteristics. The evidence shows that he was an experienced workman who was accustomed to this kind of general handyman employment.

When the cabinet fell, injuring the plaintiff, it had been standing for a period described as from five to ten minutes in the upright position that the Carters and the plaintiff had placed it. The plaintiff contends that it was caused to fall as a result of the younger Carter leaning against it. The validity of this position will be taken up in the course of the opinion.

## APPLICABLE APPELLATE RULES

It is well settled that on appeal this court must assume that the evidence in favor of the successful party is true, leaving out of consideration entirely the evidence of the

---

[1]. In this case below, the Workmen's Compensation Department had made payment to the plaintiff and was named a nominal party-plaintiff to protect the State's interest in any third-party recovery that the plaintiff might make against Ten Sleep Cattle Company. The trial court granted summary judgment to Ten Sleep and held the Workmen's Compensation Department's claims to be moot.

unsuccessful party in conflict therewith and give to the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. *Oedekoven v. Oedekoven*, Wyo., 538 P.2d 1292, 1297; *Younglove v. Graham and Hill*, Wyo., 526 P.2d 689, 691; *Piner v. Piner*, Wyo., 511 P.2d 94, 95; *Producers Livestock Marketing Ass'n v. Parker*, Wyo., 509 P.2d 345, 347; *Berry Refining Company v. Pinsky*, Wyo., 443 P.2d 521, 523; *Trail Motors v. First National Bank of Laramie*, 76 Wyo. 152, 301 P.2d 775, 780.

█ The burden of proving negligence of the employer is upon the plaintiff-employee. If that is not accomplished, then the lower court's decision must stand.[2]

█ The burden of proving contributory negligence is on the defendant-employer[3], but this burden becomes activated only where the plaintiff has proven negligence in the first instance—and there is no conflict of fact on that issue.

If contributory negligence becomes determinative and there is substantial proof thereof, the plaintiff must fail in his appeal efforts. If there is a conflict of evidence on the question of contributory negligence, he must also fail because, upon appeal the evidence of the successful party must be taken as true, leaving out of consideration the evidence of the unsuccessful party.

█ The plaintiff-appellant in a personal injury case may, therefore, expect to be successful upon appeal only where

(a) the proof of defendant's negligence is made and there is no issue of fact on the question; and

(b) there is either such insufficient proof or no proof of plaintiff's wrongdoing as would, in law, constitute assumption of the risk and/or contributory negligence.

We examine this appeal with the above rules of appellate law in mind.

This case was tried to a judge without a jury. The court found:

(a) The defendant Cattle Company was not negligent; and

(b) The plaintiff was contributorily negligent and/or assumed the risk inherent in the moving operation.

We affirm.

The first point called up for our opinion is defined by the appellant as follows:

"The trial court's holding that defendant Ten Sleep Cattle Company was not negligent is not supported by the evidence."

In support of this contention the appellant argues that the employer violated his duty of care to the employee by failing to furnish him a safe place to work, the result of which caused injury.

## SAFE PLACE TO WORK

█ It is the duty of the employer to furnish the employee a safe place to work[4] and that duty of care must be reasonable in view of the work to be performed and the dangers incident to the employment.[5]

We said in *Engen*, supra:

". . . It is the duty of the master, in the performance of such nondelegable duties to exercise ordinary or reasonable care, or, as otherwise expressed, the care and skill that a man of ordinary prudence would observe under the circumstances. And it is generally held that it is the master's duty for the protection of his employees to exercise such care and skill in the following particulars, among others: (1) To furnish them with rea-

2. *Tavares v. Horstman*, Wyo., 542 P.2d 1275; *Maxted v. Pacific Car & Foundry Company*, Wyo., 527 P.2d 832.

3. *Anderson v. Schulz*, Wyo., 527 P.2d 151, 152–153; *Gish v. Colson*, Wyo., 475 P.2d 717, 718–719.

4. *Engen v. Rambler Copper & Platinum Co.*, 20 Wyo. 95, 121 P. 867, reh. den., 20 Wyo. 137, 123 P. 413.

5. *Chicago and N. W. Ry. Co. v. Ott*, 33 Wyo. 200, 237 P. 238, reh. den., 238 P. 287, cert. den., 269 U.S. 585, 46 S.Ct. 201, 79 L.Ed. 425.

sonably safe machinery, appliances, tools, and place to work, and to keep the same in reasonably safe repair. (2) To employ competent and sufficient employees with whom to work . . ." Id. at 20 Wyo. 126, 121 P. 874.

■ The master is not, however, liable for a failure to furnish a safe place to work if the complaint centers upon a danger which the employer does not know of and concerning which he is not chargeable with knowledge, or which arises in the progress of the work and constitutes part of its details and risks. We said as much in *Engen*, supra, at 20 Wyo. 126, 121 P. 874:

". . . The duty of the employer to guard his workmen against unnecessary and unreasonable risks extends, not only to those that are known to him, but also to such as a reasonably prudent man, in the exercise of ordinary diligence, would know or discover, having regard to the danger to be avoided . . ." (Citing 4 Thomp.Com. on Neg. § 3783) "As to this matter, however, there exists a well-recognized distinction between *defects or dangers which arise in the progress of the work and constitute part of its details and risks, and those which do not. If the defect belongs in the former class, the master is not liable;* . . ." [Emphasis supplied]

In the instant matter, the cabinet being moved was the thing that caused the harm. It really was not the *place* where the plaintiff was required to work that was the cause of the injury.

■ Be that as it may—the danger and the cause arose during the progress of the work and constituted a part of its details and risks and thus is an exception to the safe-place-to-work requirements. (*Engen*, supra)

■ Another factor requires mention and is one which, we think, prevents this appeal from being rescued by the safe-place-to-work theory. There is no evidence in this record to show what caused the cabinet to fall. Negligence cannot be presumed from the mere happening of the accident. *Elite Cleaners and Tailors, Inc. v. Gentry*, Wyo., 510 P.2d 784, 788. It stood there for from five to ten minutes before falling, and when it did, it fell without warning. It is contended that the younger Carter was leaning on the cabinet and that this was the cause of its fall. This was rank speculation. There is no proof of this, and to just say it—without proof—does not constitute a causative fact to which we will assign credibility. There was insufficient proof to establish that the younger Carter's leaning on it was the cause.[6] Therefore, the senior Carter, plaintiff's employer, could hardly be held to have known of the danger.

If we, in hindsight, do not know what caused the cabinet to fall—how can Carter, with foresight, be held to have been able to anticipate what the cabinet would do?

### More Men—More Safety Devices

■ We cannot say that the defendant-employer was negligent as a matter of law for not employing more men and having safety devices on the job. This we would have to do if we were to overrule the fact-finding trial court on this issue.

■ We recognize that the care required is commensurate with the danger involved. But the trial court held the defendant to have discharged his duty of care under the facts.

We have to ask—what would more tools or men have done to protect the plaintiff? Would additional men not have been doing the same thing the plaintiff and the Carters were doing—taking a break while the cabinet stood motionless—until it fell for an unexplained reason? Nobody anticipated this unfortunate happening—includ-

6. "In dealing with this question, we must keep in mind that no inference of negligence can be based on mere surmise, guess, speculation or probability. *Tower v. Horn*, Wyo., 400 P.2d 146, 147; *Gerdom v. Gerdom*, Wyo., 444 P.2d 34, 37." *Continental Motors Corporation v. Joly*, Wyo., 483 P.2d 244, 252.

ing the plaintiff—and there is no reason to believe that the employer should have anticipated the necessity of more tools and more men in order that this operation would be conducted safely. There were enough tools and men. The problem was that nobody anticipated the happening—nor were they bound to have anticipated it.

■ Indeed, in the discharge of the safe-place-to-work duty, the employer must furnish not only a safe place but is also bound to furnish safe tools and sufficient employees. However, the risks to be guarded against are only those known by the employer or those with which he is chargeable with knowing, and they may not be those risks and dangers which arise in the progress of the work. *Engen*, supra.

We affirm the lower court's holding on appellant's Point I, charging a failure to furnish a safe place to work.

For a determination of this appeal, there is no need for us to make detailed inquiry into the facts and law of appellant's second assignment of error, which is:

"The trial court's holding that plaintiff was contributorily negligent and/or assumed the risk is not supported by the evidence and is contrary to law."

■ Since we hold that the defendant was not negligent, then it matters not whether the plaintiff was contributorily negligent or whether he assumed the risk inherent in the moving operations. We say only, with respect to the contributory negligence-assumption of the risk contention, that we have considered it and, according to the facts and the applicable law, would also affirm the trial court's rejection of this contention for the reason that the appellant is specifically excluded from recovery under the doctrine of *Berry v. Iowa Mid-West Land and Livestock Co.*, Wyo., 424 P.2d 409, 411, where we held:

". . . Under the circumstances of this particular case, however, we can say it is apparent that if defendant's omission is assumed to constitute negligence,

then the acts of plaintiff would necessarily and as a matter of law amount to contributory negligence.

"Where a danger is as open and obvious to the servant as to the master, or where the servant has better means of knowledge than the master, he will be charged with such negligence as to bar recovery. 56 C.J.S. Master and Servant § 435, p. 1259; *Ring v. Kruse*, 158 Neb. 1, 62 N.W. 2d 279, 285; *Freeman v. Smit*, 193 Wash. 346, 75 P.2d 575, 577–578. See also *Nolen v. Halpin-Dwyer Const. Co.*, 225 Mo.App. 224, 29 S.W.2d 215, 219, where the court gives as a reason for this rule that if either is guilty of any failure the other is guilty of the same.

"In Restatement Second, Agency 2d § 521, p. 489 (1958), it is given as a rule that a master is not liable to a servant for harm caused by unsafe conditions of employment, if the servant, with knowledge of the facts and understanding of the risks, voluntarily enters or continues in the employment. Also, in *Chicago & N. W. Ry. Co. v. Ott*, 33 Wyo. 200, 237 P. 238, 241, rehearing denied 238 P. 287, certiorari denied 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425, this court adopted the following rule with respect to risks assumed by an employee:

" 'A servant assumes (1) the risk of such dangers as are ordinarily and normally incident to his occupation, and a workman of mature years is presumed to know them, whether he does or not; (2) such extraordinary or abnormal risks—usually, at least, arising out of the negligence of the master—the conditions and dangers of which he (a) knows and appreciates and faces without complaint, or the conditions and dangers of which (b) are so obvious and apparent that an ordinarily careful person would, under the circumstances, observe and appreciate them. * * *.' "

Affirmed.